FILED
United States Court of Appeals
Tenth Circuit

August 18, 2015

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN LORENZO BARELA, JR.,

Defendant - Appellant.

No. 14-2103

**Appeal from the United States District Court
for the District of New Mexico
(D.C. No. 2:11-CR-00114-RB-1)**

Stephen P. McCue, Federal Public Defender, and André C. Poissant, Assistant Federal Public Defender, Las Cruces, New Mexico for Defendant-Appellant.

Damon P. Martinez, United States Attorney, and James R.W. Braun, Assistant United States Attorney, Albuquerque, New Mexico for Plaintiff-Appellee.

Before **HARTZ, GORSUCH,** and **MORITZ**, Circuit Judges.

**MORITZ,** Circuit Judge.

After Juan Lorenzo Barela, Jr., pled guilty to one count of distributing child pornography and one count of possessing child pornography, the district court imposed a

controlling sentence of 210 months' imprisonment. That sentence arose in part from the district court's imposition of a five-level enhancement based on its finding that Barela distributed child pornography "for the receipt, or expectation of receipt, of a thing of value." U.S.S.G. § 2G2.2(b)(3)(B). The district court also imposed special conditions on Barela's supervised release, including a restriction on possession of materials depicting or describing "sexually explicit conduct."

Barela argues the district court's application of the § 2G2.2(b)(3)(B) enhancement is at odds with this court's precedent in *United States v. Geiner*, 498 F.3d 1104 (10th Cir. 2007), which held the enhancement requires the government to prove something more than that the defendant distributed child pornography through a peer-to-peer network. We agree with Barela that *Geiner* is controlling and resolves this issue, and we remand to the district court with directions to vacate Barela's sentence and resentence him.

Barela also generally challenges the special conditions of his supervised release based on the district court's failure to provide reasons for their imposition. And Barela specifically challenges the condition prohibiting him from possessing materials depicting or describing sexually explicit conduct, arguing that condition is unrelated to the sentencing factors and violates his First Amendment rights. Based on our plain error review, we conclude Barela fails to show that either potential error justifies vacating the special conditions.

## FACTUAL BACKGROUND

In 2007, the New Mexico State Police conducted a sting designed to find individuals using peer-to-peer networks to share and view child pornography. That

investigation led to execution of a search warrant on Barela's computer, where officers found hundreds of images of child pornography and dozens of child pornography videos. Barela was indicted for and pled guilty to one count of distributing and attempting to distribute a visual depiction of minors engaged in sexually explicit conduct and one count of possessing and aiding and abetting the possession of a visual depiction of a minor engaged in sexually explicit conduct.

The presentencing report ("PSR") recommended applying a five-level enhancement based on Barela's use of a peer-to-peer sharing network, LimeWire, to distribute child pornography for the "receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." *See* U.S.S.G. § 2G2.2(b)(3)(B). The PSR also recommended imposing the District of New Mexico's standard special sex offender conditions, including prohibitions on possessing materials describing or depicting "sexually explicit conduct"; contacting any child; and loitering near places used primarily by children.

At the sentencing hearing, Barela urged the court to reject the § 2G2.2(b)(3)(B) enhancement, contending the government had not demonstrated he distributed child pornography expecting anything in return. Although the government presented no testimony or substantive argument on the issue, the district court rejected Barela's argument without comment after the probation officer reiterated the PSR's justification for the enhancement—i.e., that because Barela shared his own child pornography files through a peer-to-peer sharing network, he necessarily expected to receive a thing of value in return.

The district court sentenced Barela to a controlling sentence of 210 months' imprisonment and imposed the recommended special conditions of supervised release. Barela appeals, challenging the § 2G2.2(b)(3)(B) enhancement and the special conditions.

DISCUSSION

**I.    The district court erred in applying U.S.S.G. § 2G2.2(b)(3)(B) based on Barela's mere participation in a peer-to-peer network.**

Barela argues the district court erred in applying U.S.S.G. § 2G2.2(b)(3)(B)'s five-level enhancement, which penalizes "[d]istribution [of material involving the sexual exploitation of a minor] for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." Instead, Barela insists, the district court should have applied a two-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F), which penalizes distribution of such material when the defendant neither expected any gain nor distributed to a minor.

Because Barela objected to the enhancement below, we review the district court's factual findings for clear error and any legal determinations de novo. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006).

In advocating for imposition of U.S.S.G. § 2G2.2(b)(3)(F)'s two-level enhancement, Barela appropriately concedes his use of a peer-to-peer sharing network constituted "distribution" of child pornography. *See United States v. Ray*, 704 F.3d 1307, 1311-13 (10th Cir. 2013) (concluding that mere use of a peer-to-peer sharing network to obtain child pornography—even without knowledge that distribution to others could result from such use—constitutes distribution under U.S.S.G. § 2G2.2(b)(3)(F)). But

4

Barela argues that by applying the five-level enhancement based on nothing more than his participation in a peer-to-peer network, the district court ran afoul of this court's holding in *United States v. Geiner*, 498 F.3d 1104 (10th Cir. 2007), where the court held that mere installation of file-sharing software or use of a file-sharing network to distribute child pornography did not support the enhancement's application. Because the government failed to prove he used LimeWire expecting any gain, Barela argues it failed to prove a fact necessary to impose the five-level enhancement—namely, that he distributed "for the receipt, or [in] expectation of receipt" of another's child pornography.

The government admits that language in *Geiner* favors Barela's position, but argues the language is dicta that this panel need not and should not follow. Critically, the government conceded in its brief and again at oral argument that if this court disagrees with its characterization of *Geiner*'s relevant language as dicta, it must vacate Barela's sentence. With so much riding on *Geiner*, we necessarily examine it carefully.

Geiner's conviction for interstate transportation of child pornography and possession of child pornography rested on his use of BearShare, peer-to-peer software that increases the speed by which users can download others' files if users share their own files. Like Barela, Geiner argued against application of U.S.S.G. § 2G2.2(b)(3)(B)'s five-level enhancement, suggesting he had not distributed child pornography in "expectation" of receiving a thing of value. The district court rejected Geiner's argument and the court in *Geiner* affirmed application of the enhancement, reasoning that the government proves "expectation" of a thing of value when a person "'distributes child pornography in anticipation of, or while reasonably believing in the possibility of, the

5

receipt of a thing of value.'" 498 F.3d at 1110 (quoting *United States v. Maneri*, 353 F.3d 165, 169 (2d Cir. 2003)). The panel ultimately concluded the government demonstrated Geiner distributed child pornography expecting a return because he "made his files available to others on the network *in anticipation of* a faster downloading speed." *Id.* (emphasis in original).

In reaching this conclusion, the court in *Geiner* considered and rejected the Eighth Circuit's interpretation of U.S.S.G. § 2G2.2(b)(3)(B) in *United States v. Griffin*, 482 F.3d 1008 (8th Cir. 2007). Specifically, the *Geiner* panel rejected *Griffin*'s conclusion that the five-level enhancement "automatically applies 'to a defendant who downloads and shares child pornography files via an internet peer-to-peer file-sharing network.'" *Geiner*, 498 F.3d at 1111 (quoting *Griffin*, 482 F.3d at 1013).

Returning to the case at hand, the government points out that in *Geiner* the government proved more than just simple participation in a file-sharing network by showing that the defendant shared files to obtain faster download speeds. Thus, the government argues, *Geiner*'s language rejecting *Griffin*'s "automatic enhancement" language was dicta because the *Geiner* court didn't "need to decide whether a defendant who shares files on a file-sharing network necessarily expects to receive a thing of value in the form of access to other users' files." Aplee. Br. at 11-12.

As the government notes, we have defined dicta as "statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand." *See, e.g.*, *Rorhbaugh v. Celotex Corp*, 53 F.3d 1181, 1184 (10th Cir. 1995). At first blush, the government's argument appears

6

persuasive. But a careful review of *Geiner* reveals the flaws in the government's

characterization of *Geiner*'s rejection of *Griffin* as dicta.

The *Geiner* court, writing in 2007, pointed out that this circuit had "yet to interpret

the amended language" of U.S.S.G. § 2G2.2(b)(3)(B), which included the term

"expectation." Thus, in reaching its decision, the court devoted considerable attention to

other circuits' interpretation of that term following the 2000 amendments to U.S.S.G.

§ 2G2.2(b)(2).

If the panel had simply noted other circuits' approaches with no particular context,

the government's characterization of the relevant language as dicta might hold more

sway. But instead, the court analyzed those approaches in the context of considering the

defendant's primary argument against application of the enhancement. Specifically, after

discussing Geiner's anticipation of a faster download speed but before deciding whether a

faster download speed was a "thing of value," the court stated,

> Mr. Geiner acknowledges that he configured his software to permit the
> sharing of his files because he wanted to be able to download images at a
> faster speed. Nevertheless, he contends that he did not expect to receive a
> "thing of value" because he would have had access to the images he sought
> without allowing others to access his files. *He argues that, because he
> could have downloaded the same images without allowing this access, he
> did not expect to receive a thing of value. In short, he argues that he did not
> expect to receive a benefit when he configured the software on his computer
> to allow for the distribution of files containing child pornography.*

*Geiner*, 498 F.3d at 1110-11 (emphasis added).

The *Geiner* court then analyzed the defendant's argument, ultimately agreeing

with Geiner that the mere act of sharing child pornography on a peer-to-peer network is

insufficient to support the enhancement, but concluding the government proved that the

7

defendant did more than just share child pornography. In doing so, the panel discussed the Eighth Circuit's analysis in *Griffin* and essentially characterized as overbroad *Griffin*'s conclusion that "the [five-level] enhancement automatically applies" to a person who uses a peer-to-peer network.[1] The *Geiner* panel pointed out that although "file sharing may be the purpose of these networks," a "defendant who distributes child-pornography files by sharing them on a file-sharing network does not necessarily do so in exchange for similar files, particularly when the defendant understands that these files are available even if he chooses not to share his own." *Id.* at 1111. The court then held, "Rather, whether a defendant distributes files containing child pornography *for* the receipt, or expectation of receipt, of other files available on the network is a question of fact properly resolved on a case-by-case basis by the sentencing court." *Id.* (emphasis in original).

The court thus established a "base line" approach as to what is *not* enough to establish an "expectation," agreeing with Geiner that his distribution of child pornography through a peer-to-peer network didn't warrant the enhancement. The court then proceeded to apply its "case-by-case" approach to the government's contention that Geiner had distributed child pornography expecting a thing of value in return because he

---

[1] The Eighth Circuit has since criticized *Geiner*'s interpretation of *Griffin* as holding the five-level enhancement applies whenever an individual uses a peer-to-peer network. *See United States v. Stults*, 575 F.3d 834, 848-49 (8th Cir. 2009). In *Stults*, the Eighth Circuit emphasized that *Griffin*'s discussion flowed from the defendant's admission in that case that he expected to receive child pornography when he used Kazaa, another file sharing program. For our purposes, however, the Eighth Circuit's subsequent interpretation of *Griffin* is not relevant; rather, our concern is how this court considered *Griffin* in reaching its ultimate holding.

elected to share his files in return for faster downloading capabilities. Ultimately, the

court concluded this evidence warranted the enhancement. *Id.* at 1112.[2]

Reviewed in context, it is apparent that *Geiner*'s rejection of *Griffin*'s perceived

holding was integral to and necessarily involved in *Geiner*'s ultimate resolution of the

issue. After all, if *Geiner* had concluded that mere use of a peer-to-peer sharing network

was sufficient to support the enhancement, it would have been unnecessary for the panel

to consider whether Geiner's actions exceeded that baseline activity—proof of his mere

use would have sufficed to support the enhancement. That the *Geiner* panel ultimately

concluded the government proved more than mere use by establishing that Geiner

anticipated increased download speeds does not render the panel's discussion of *Griffin*

dicta.

Returning to the case before us, the government acknowledges that the district

court applied the enhancement based on nothing more than Barela's use of LimeWire to

distribute child pornography. And the government concedes that if we elect to follow

*Geiner*, the district court clearly erred in applying the enhancement. Aplee Br. at 8 ("If

this court chooses to follow the *Geiner* panel's dicta, then the district court's

---

[2] Notably, other circuits have agreed with *Geiner* that the "inherent reciprocity" of peer-to-peer networks doesn't warrant the enhancement's application because some users recognize that participation in the network does not necessarily require a person to share files. *See United States v. McManus,*734 F.3d 315, 320-21 (4th Cir. 2013) (viewing *Geiner* as rejecting the concept that the "inherent reciprocity" of sharing networks justifies application of the five-level enhancement); *United States v. Vadnais*, 667 F.3d 1206, 1209-10 (11th Cir. 2012) (citing *Geiner* and determining that because sharing networks allow individuals to download files without sharing, the enhancement is not warranted merely because a person downloaded files and allowed others to download from him).

determination that Barela's use of a peer-to-peer file-sharing program alone justifies the enhancement was clearly erroneous."). Having concluded that *Geiner*'s discussion was not dicta, we hold the district court clearly erred in applying the enhancement and remand to the district court with directions to vacate Barela's sentence and resentence him.

**II.     The district court erred in imposing the special sex offender conditions on Barela's supervised release, but no error warrants vacating the conditions.**

Barela urges this court to vacate all of the special sex offender conditions imposed on his supervised release because the district court failed to provide any reasons for imposing them. Barela also argues we must vacate the condition prohibiting him from viewing or possessing materials containing "sexually explicit conduct" because the condition is unrelated to the statutory factors in 18 U.S.C. § 3553(a), involves a greater deprivation of liberty than necessary, and violates the First Amendment.

Because Barela failed to object to any of the special conditions, we review both claims for plain error. *See United States v. Burns*, 775 F.3d 1221, 1223 (10th Cir. 2014) (explaining reversal is warranted under plain error test when error is clear and obvious under current law; affects substantial rights; and seriously affects the fairness, integrity or public reputation of judicial proceedings). We conclude the district court erred by failing to justify the special conditions but the error does not warrant vacating those conditions. Similarly, Barela has not met his burden to prove the condition prohibiting possession of materials depicting or describing sexually explicit conduct was clear or obvious and this claim also fails.

10

A. *The district court erred by failing to provide at least a generalized statement of the reasons for imposing special conditions but Barela has failed to prove that the error affected the proceeding.*

Regarding Barela's first argument, the government concedes the district court erred in failing to provide at least a generalized statement of its reasons for imposing the District of New Mexico's special sex offender conditions for supervised release. But because Barela failed to make this argument below, the government points out that we must review this assertion for plain error and argues that Barela fails to show the error justifies vacating the conditions.

Under plain error review, we may vacate special conditions of supervised release only if the record reveals no basis for the conditions. If the record reveals a basis, there is no reasonable probability that but for the error the defendant's sentence would be different and thus the proceeding's fairness was not impacted. *See United States v. Kieffer*, 681 F.3d 1143, 1172 (10th Cir. 2012) (holding that when a district court fails to provide reasons for imposing special conditions and the defendant fails to object, we review for plain error); *see also Burns*, 775 F.3d at 1224-25 (concluding district court's failure to make requisite findings before imposing special condition affected defendant's substantial rights and undermined fairness, integrity, or reputation of proceedings because, but for failure to address requirements, district court probably wouldn't have imposed special condition). Here, Barela's discussion of the record is scant; he simply claims in his initial brief that because he had "no history of violent crimes or sex offenses against adults or children," no "reasons [to impose the special condition] are discernible from the record." Aplt. Br. at 16. The government argues we should not consider "such a

11

bare-bones argument." Aplee. Br. at 18.

Whether we refuse to consider Barela's argument due to inadequate briefing or consider its merits, we reach the same result. Broadly speaking, the conditions the district court imposed impeded Barela's access to children and required monitoring of his online activities. We have reviewed the record and conclude that given the nature and scope of the conduct underlying the offense, Barela's history, and the results of his psychological evaluation, the record supports the district court's imposition of the conditions. *See United States v. Mike*, 632 F.3d 686, 693 (10th Cir. 2011) (finding record supported conditions due to result of psychological evaluations, nature of the offense, and defendant's failure to comply with registration requirements); *see also United States v. Martinez-Torres*, No. 14-2081, __ F.3d __, Slip op. 15-18 (10th Cir. July 31, 2015) (vacating condition prohibiting possessing material depicting or describing sexually explicit conduct because district court failed to justify condition, the record contained no evidence suggesting defendant viewed pornography, and sexually explicit materials did not contribute to the defendant's underlying offense). Accordingly, Barela has failed to show the error affected either his substantial rights or the reputation or fairness of the proceeding.

> B.    *Barela has not demonstrated any "clear or obvious" error in prohibiting him from viewing or possessing any materials depicting or describing "sexually explicit conduct or pornography."*

Next, Barela takes issue with the condition prohibiting him from "viewing or possessing any material . . . depicting and/or describing sexually explicit conduct or

12

pornography,"[3] arguing the condition is not related to the relevant sentencing factors listed in 18 U.S.C. § 3553(a), that it involves a greater deprivation of liberty than necessary, and that it infringes on his First Amendment rights. Because Barela did not object to this condition below, we again review for plain error. *See Burns*, 775 F.3d at 1223.

Barela devotes substantial briefing to his assertion that the district court erred in imposing this condition, but he fails to address the other three prongs of the plain error standard. Seizing on this failure, the government argues *United States v. Mike*, 632 F.3d 686, 693 (10th Cir. 2011) controls our decision. In *Mike*, we applied plain error review to similar arguments against a similar condition and concluded the error was neither clear nor obvious. 632 F.3d at 700 (citing circuit split on issue of whether imposition of similar condition is plain error).

Barela fails to argue that the circuit split identified in *Mike* has dissipated.[4] And while the law has evolved since *Mike*, the split this court identified there persists. *Compare United States v. Medina*, 779 F.3d 55, 61-64 (1st Cir. 2015) (concluding ban on possessing "sexually simulating" material was plain error), *United States v. Gnirke*, 775 F.3d 1155, 1163-65 (9th Cir. 2015) (concluding ban on access to "sexually explicit

---

[3] "Sexually explicit conduct" is defined as "actual or simulated" sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, or "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A).

[4] This panel recently held in *Martinez-Torres*, Slip op. at 18, that the district court erred in imposing a similar special condition. But *Martinez-Torres* doesn't aid Barela, because in that case, the defendant objected to the condition. Reviewing for abuse of discretion, we vacated the condition, concluding the record contained no evidence to support the condition.

13

material" constituted greater deprivation of liberty than necessary), *and United States v. Goodwin*, 717 F.3d 511, 524-25 (7th Cir. 2013) (concluding that restriction on material depicting or alluding to sexual activity was not reasonably related to the statutory conditions and resulted in greater deprivation of liberty than necessary), *with United States v. Mefford*, 711 F.3d 923, 927-28 (8th Cir. 2013) (finding no error in imposing a condition banning pornography or erotica), *and United States v. Zobel*, 696 F.3d 558, 576-77 (6th Cir. 2012) (noting circuit split and determining ban on pornography and sexually explicit materials was not error).

Moreover, given Barela's circumstances—i.e., his convictions for distributing and possessing child pornography and his history of voracious pornography viewing—the cases he cites are distinguishable and do not show that the error here was clear or obvious. *Cf. Mike*, 632 F.3d at 700-01 (reasoning that, in addition to circuit split, error was not plain given results of defendant's background, psychosexual evaluations, mental health assessments, and the "gruesomeness" of his prior sexual offense).

Finally, although *Mike* did not address the condition's potential First Amendment implications, it is not "obvious or clear" that the conditions violated Barela's constitutional rights. *See Zobel*, 696 F.3d at 576-77 (finding similar condition did not violate the First Amendment); *see also Mefford*, 711 F.3d at 927-28 (same).

CONCLUSION

We conclude the district court erred in imposing the five-level enhancement and remand for resentencing. Finding no plain error in the district court's imposition of the special sex offender conditions for supervised release, we affirm those conditions.