**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CAMERON TAEVON JONES,

    Defendant - Appellant.

No. 16-6202
(D.C. No. 5:07-CR-00294-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

This appeal arises from the district court's order revoking Cameron Jones'

supervised release and imposing a 36-month prison sentence. Jones' counsel filed an

*Anders* brief and moved to withdraw, asserting that the record gives rise to no

discernible non-frivolous issues on appeal. *See Anders v. California*, 386 U.S. 738,

744 (1967) (stating that if after "conscientious examination" of record, counsel finds

appeal "wholly frivolous," counsel may move to withdraw and contemporaneously

file "a brief referring to anything in the record that might arguably support the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

appeal"). After conducting our own review of the record, we agree with counsel's assessment. Accordingly, we dismiss the appeal and grant counsel's motion to withdraw. *See id.*

## BACKGROUND

In 2007, Jones was convicted of possessing cocaine with intent to distribute. The district court imposed a 71-month prison sentence and 5 years of supervised release.

Jones was released from prison in August 2014. Less than a month later, Jamaris Miles was shot to death. Two days after that, the United States Probation Office moved to revoke Jones' supervised release, alleging that Jones violated the conditions of his release by murdering Miles and possessing a firearm.

At the revocation hearing, Inspector Robert Benavides—the detective who investigated Miles' murder—testified about a witness statement he obtained from Lakisha Palmore after Miles' shooting. The government made no effort to secure Palmore's presence at the revocation hearing. But according to Benavides, Palmore stated that she saw Jones shoot Miles.

Relying heavily on Benavides' testimony about Palmore's statement, the district court found, by a preponderance of the evidence, that Jones violated the terms of his supervised release by murdering Miles and possessing a firearm. The district court then revoked Jones' supervised release and imposed a 36-month prison sentence to be followed by 10 years of supervised release.

2

We reversed. Specifically, we held that the district court abused its discretion in considering Palmore's statements without balancing (1) Jones' interest in his constitutional right to confront Palmore against (2) the government's good cause for depriving him of that right. *United States v. Jones*, 818 F.3d 1091, 1099–1102 (10th Cir. 2016).

On remand, Palmore testified that she saw Jones shoot Miles. And while the district court acknowledged that Palmore's credibility was hardly "unblemished," it ultimately concluded that a preponderance of the evidence established Jones killed Miles. R. vol. 3, 209. The district court then "reaffirmed and entered" its previous order: it revoked Jones' supervised release, sentenced him to 36 months in prison, and imposed 10 years of supervised release. *Id.* at 210.

Finally, as a condition of that supervised release, the district court again imposed a "search condition." *Id.* at 211. Under the terms of that condition, Jones "must submit to a search of his person, property, electronic device or any automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting firearms and/or ammunition at the direction of the probation officer upon reasonable suspicion." R. vol. 1, 33. Jones appeals.

## DISCUSSION

Defense counsel identifies three potential issues in his *Anders* brief: (1) whether there was sufficient evidence to prove Jones violated the terms of his supervised release; (2) whether the sentence the district court imposed upon

revocation is procedurally and substantively reasonable; and (3) whether the district court committed plain error in imposing the search condition.

We agree with defense counsel that Jones couldn't mount a non-frivolous challenge to the sufficiency of the evidence. True, Palmore's credibility was not—as the district court readily acknowledged—"unblemished." R. vol. 3, 209. Still, the district court carefully and thoroughly analyzed Palmore's testimony and previous statements to police and found them sufficiently credible to satisfy the preponderance-of-the-evidence standard. Such credibility determinations are entitled to great deference. *See United States v. Jordan*, 806 F.3d 1244, 1252 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 1700 (2016). Finding nothing in the district court's factual findings that we might characterize as clearly erroneous, *see id.*, we conclude that any sufficiency-of-the-evidence argument would be frivolous.

We reach the same conclusion regarding the second potential basis for appeal that defense counsel identifies: whether Jones' sentence is procedurally and substantively unreasonable. To the extent that counsel suggests the district court failed to adequately articulate its reasons for imposing a 36-month prison sentence and 10 years of supervised release, that argument would trigger plain-error review because Jones failed to raise it below. *See United States v. Lente*, 647 F.3d 1021, 1030 (10th Cir. 2011) (characterizing challenge to adequacy of district court's explanation for chosen sentence as procedural, as opposed to substantive, challenge); *United States v. Martinez-Barragan*, 545 F.3d 894, 899 (10th Cir. 2008) ("As a general rule, when a defendant fails to preserve an objection to the procedural

4

reasonableness of his sentence, we review only for plain error."). The same would be true of any argument that the district court failed to consider the applicable policy statements. *See United States v. Franklin*, 785 F.3d 1365, 1371 n.3 (10th Cir.), *cert. denied*, 136 S. Ct. 523 (2015).

Jones couldn't satisfy our plain-error test here. In its initial order revoking Jones' supervised release, the district court explicitly stated that it had considered the relevant policy statements. Likewise, at the initial revocation hearing, the district court explained the basis for its sentencing decision: it noted (1) Jones' "background of gang-related activity"; (2) the severity of the violation; and (3) the need for incapacitation. R. vol. 3, 64. Finally, in revoking Jones' supervised release on remand, the district court incorporated this earlier analysis by reference: it stated it was "dispos[ing] of the matter on the very same basis." *Id.* at 211. Accordingly, any argument that the district court committed procedural error—let alone plain procedural error—would be frivolous.

Based on the district court's finding that Jones committed murder less than one month after his 2014 release, we reach the same conclusion about any substantive challenge to the length of Jones' sentence, despite the fact that it exceeds the applicable 18-to-24-month recommendation. *See* U.S.S.G. § 7B1.4; *United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006) ("[A] sentence in excess of that recommended by the Chapter 7 policy statements will be upheld 'if it can be determined from the record to have been reasoned and reasonable.'" (quoting *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1258 (10th Cir. 2006))).

Finally, we agree that any challenge to the district court's decision to impose a search condition would also be frivolous. Because Jones didn't object to this condition below, we would again review such a challenge only for plain error. *United States v. Barela*, 797 F.3d 1186, 1192 (10th Cir. 2015). And because we've previously upheld a more restrictive search condition in less egregious circumstances under a more favorable standard of review, Jones couldn't make a showing of plain error here. *See United States v. Hanrahan*, 508 F.3d 962, 971 (10th Cir. 2007) (holding that district court didn't abuse its discretion in imposing suspicionless-search condition where defendant had been "convicted of unlawfully possessing a firearm"); *see also United States v. Watson*, 766 F.3d 1219, 1228 n.5 (10th Cir. 2014) (describing "abuse-of-discretion standard" as "more generous" than "plain-error standard").

## CONCLUSION

Because Jones' appeal presents no issues that are arguable on their merits, we dismiss the appeal and grant defense counsel's motion to withdraw.

Entered for the Court

Nancy L. Moritz
Circuit Judge

6