FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 10, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FLOYD LEE HENRY, JR., also
known as FLOYD HENRY,

Defendant - Appellant.

No. 19-1125

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 1:18-CR-00322-CMA-01)**

---

*Submitted on the Briefs*

Timothy C. Kingston, Law Office of Tim Kingston LLC, Foley, Alabama, for
Appellant.

Karl L. Schock, Assistant United States Attorney (Jason R. Dunn, United States
Attorney, with him on the brief), Office of the United States Attorney, Denver,
Colorado, for Appellee.

---

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, and **MURPHY**, Circuit Judges.

---

**TYMKOVICH**, Chief Judge.

---

Following a conviction in the District of Minnesota and after serving a subsequent term of imprisonment, Floyd Lee Henry, Jr., absconded from the conditions of his supervised release. Henry's case was transferred to Colorado. After a hearing for violations of supervision, the district court revoked his supervised release, sentenced him to 24 months imprisonment and a 120-month term of supervised release, and reimposed the special conditions initially imposed by the District of Minnesota. In considering these special conditions, the district court indicated it could not change the special conditions another judge had imposed.

Henry appeals the reimposition of these special conditions, asserting the district court erred by not making individualized assessments for them. On plain error review, we conclude Henry fails to show that this potential error justifies vacating these special conditions. We thus AFFIRM the district court's imposition of the special conditions of supervised release.

## I. Background

Henry was convicted in 2012 in the District of Minnesota of inducing travel to engage in prostitution. He was sentenced to 100 months imprisonment and a subsequent 10 years of supervised release. His supervised and special release conditions imposed by the District of Minnesota included, as relevant to this appeal: (1) advanced approval by his probation officer of all employment;

(2) completion of a substance abuse program; and (3) abstention from the use of alcohol for the duration of his supervised release.

Following his release from federal custody in April 2018, Henry began serving his term of supervised release in Colorado. Two months later, he failed to report to his residential reentry center after a meeting with his state parole officer, and a warrant was issued for his arrest. Henry was later arrested in Las Vegas, Nevada.

After jurisdiction over Henry's supervised release was transferred from the District of Minnesota to the District of Colorado, probation filed a superseding petition for violations of supervision. The petition alleged three violations: (1) failure to reside in and comply with the rules of a residential reentry center, (2) committing the crime of escape, and (3) committing the crime of failure to register as a sex offender in Denver County.

At the hearing on the superseding petition, Henry admitted to the violations but objected to five of the special conditions recommended by the probation office. As relevant to this appeal, Henry objected to the conditions that (1) his employment be approved in advance by his probation officer, and (2) he must participate in and successfully complete a drug abuse program.

The district court relied on testimony from a probation officer, who explained that the employment condition was based on the recommendations from

the initial presentence report in the District of Minnesota. In addition, the officer testified that his office needed to be able to make the employer aware of Henry's restrictions and "to ensure that a job [Henry] may be involved in is not something that would have any kind of illegal activities." R., Vol. 5 at 10. The court responded:

> COURT: So, from what I understand, you are saying the employment restriction was part of his original sentencing conditions?
>
> OFFICER: Correct.
>
> COURT: Then I can't change what another Judge has already imposed. So that objection is overruled.

*Id.* The district court then turned to the next special condition:

> COURT: Paragraph No. 4 is participation and successful completion of substance abuse. Was that from the original?
>
> OFFICER: Yes, it was.
>
> COURT: All right. I can't change that. So that objection is overruled.

*Id.* at 10–11.

Near the end of the hearing, the district court explicitly considered the sentencing guideline policy statements and the factors indicated in 18 U.S.C. § 3583(e), which provides guidance for imposing a term of supervised release following imprisonment. The court noted Henry's escape from the residential

reentry center, his history of pimping women, and "dismissive attitude toward supervision." *Id.* at 41. The court went on to state it was "concerned that Mr. Henry's criminal thinking, his criminal mentality, his denial, his objectifying and dismissive attitude toward women, including his long history and pattern of exploiting women, all increase his risk of danger to the community." *Id.* at 41–42. The court also noted that "his absconding reflects a general inability or unwillingness to comply with the terms of the supervised release." *Id.* at 42.

The district court then revoked Henry's supervised release, sentenced him to 24 months in prison, and imposed a subsequent 120-month term of supervised release with all conditions recommended by probation. With regard to all the special conditions, the court found the "special conditions of supervision . . . reasonably related to the factors set forth" in 18 U.S.C. §§ 3553(a) and 3583(d). *Id.* at 44. And because of "the nature and circumstances of this offense and the history and characteristics of this defendant, these conditions do not constitute a greater deprivation of liberty than reasonably necessary to accomplish the goals of sentencing." *Id.* at 44.

## II. Analysis

Henry appealed, raising two issues: (1) whether the district court erred in concluding that it was required to reimpose the special conditions imposed on Mr. Henry's revoked term of supervised release, and (2) if the district court did in fact

err in concluding it was without discretion to omit or modify previously-imposed special conditions, whether Mr. Henry is entitled to a remand for the district court to consider the appropriateness of the special conditions under the relevant statutory standard.[1]  Henry urges us to vacate the two special conditions at issue because the district court did not make individualized assessments or adequate findings to support their imposition.

District courts "have broad discretion to prescribe special conditions of release." *United States v. Mike*, 632 F.3d 686, 692 (10th Cir. 2011).  Conditions of supervised release must be "linked to the offense and . . . no broader than necessary to rehabilitate the defendant and protect the public." *United States v. Smith*, 606 F.3d 1270, 1282 (10th Cir. 2010).  The relevant sentencing statute, 18 U.S.C. § 3583(d), requires that special conditions of supervised release be (1) "reasonably related to . . . the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, [or] the defendant's educational, vocational, medical, or other correctional needs"; (2) "involve no greater deprivation of liberty than is reasonably necessary to achieve the purpose

---

[1]  In this appeal, Henry's counsel filed an *Anders* motion and supporting brief to withdraw.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  After consideration, a panel of this court identified two non-frivolous issues in the appeal, which are at issue here.  Henry's counsel elected to continue representing Henry and subsequently submitted opening and reply briefs on his behalf.

of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation"; and (3) "consistent with any pertinent policy statements issued by the Sentencing Commission." *Mike*, 632 F.3d at 692; *see also* 18 U.S.C. § 3583. The conditions "must also comport with the relevant constitutional provisions." *Mike*, 632 F.3d at 692. And the sentencing court must "provide at least generalized reasons for imposing special conditions of supervised release." *Smith*, 606 F.3d at 1283.

Though Henry objected generally to the imposition of the two special conditions at issue, he did not object to the district court's failure to consider the factors required by § 3583(d) when it ruled on the objections. In other words, he did not raise this specific procedural objection—the district court's reliance on previously-imposed conditions—before the district court. Thus, we review for plain error.[2] *See United States v. Finnesy*, 953 F.3d 675, 689 (10th Cir. 2020)

---

[2] The government asserts that Henry has not argued for plain error on review and has thus waived the issue. We assume, without deciding, that Henry has sufficiently argued for plain error review and thus decline to hold this issue waived.

Additionally, Henry objected to two conditions relevant to this appeal: (1) advance employment approval and (2) completion of a substance abuse program. Henry did not, however, object to the reimposition of the special condition that he abstain from alcohol for the duration of his supervised release. But in considering this special condition toward the end of the hearing, the court engaged in the following exchange with the probation officer:

(continued...)

-7-

(engaging in plain error review on a sentencing appeal because the appellant failed "to adequately alert the district court to the alleged sentencing error"); *United States v. Barela*, 797 F.3d 1186, 1192 (10th Cir. 2015) (using plain error review because although the district court failed to provide generalized reasons for imposing special conditions of supervised release, the appellant failed to make this argument before the district court). Under plain error review, the defendant must show "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial

---

[2](...continued)

COURT: I did have a question about the abstention from alcohol or other intoxicants during the entire course of that. I usually impose that when he is under substance abuse treatment, but I've never imposed it throughout the entire supervised release.

OFFICER: Again, Your Honor, that comes from the Original Judgment in Minnesota.

COURT: Okay. All right. The defendant must abstain from the use of alcohol or other intoxicants and not frequent establishments whose primary business is the sale of alcoholic beverages.

R., Vol. 5 at 44–45.

In a footnote in his opening brief, Henry urges this court to review the reimposition of this special condition as well because the district court similarly relied on the District of Minnesota's judgment. Because he did not object to this special condition, and because the district court relied on the previously-imposed condition in the same way as the other two conditions, we review this condition under plain error as well.

proceedings." *Mike*, 632 F.3d at 691–92 (internal citation and quotation marks omitted).

In overruling two of Henry's objections to the special conditions of release, the district court stated that it could not change the special conditions another court had imposed. Section 3583(d) requires the court to make findings—or at least give generalized reasons—sufficient to justify the imposition of special release conditions. *See Barela*, 797 F.3d at 1192 (holding that "the district court erred by failing to justify the special conditions" imposed on the defendant); *see also United States v. Martinez-Torres*, 795 F.3d 1233, 1237 (10th Cir. 2015) ("When . . . neither the Sentencing Commission nor Congress has required or recommended a condition, we expect the sentencing court to provide a reasoned basis for applying the condition to the specific defendant before the court."). Thus, "[w]hile a generalized statement of its reasoning suffices, the [district court's] explanation must be sufficient for this court to conduct a proper review." *United States v. Ford*, 882 F.3d 1279, 1287 (10th Cir. 2018) (internal citations and quotation marks omitted).

The district court here did not provide individualized reasons for imposing the employment approval and drug abuse program special conditions. It did not, in overruling Henry's objections to these special conditions, provide individualized assessments for reimposing each. And the court's statement near

the end of the hearing about its concerns about Henry's risk to the community directly addresses none of the three special conditions at issue in this appeal.

Nevertheless, assuming an error occurred, it was not plain. For "an error to be plain[,] it must be clear or obvious under current, well-settled law." *United States v. Brooks*, 736 F.3d 921, 930 (10th Cir. 2013) (internal quotation marks omitted). And generally, "for an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue." *United States v. Garcia*, 946 F.3d 1191, 1202 (10th Cir. 2020). While a district court may, at its discretion and within the requirements of § 3583(e), *modify* a term of supervised release, the statute is silent in the context of *reimposing* special conditions that had been previously imposed. *See* 18 U.S.C. § 3583. Nor are there Tenth Circuit or Supreme Court cases dealing with the procedural requirements for reimposing a special condition of supervised release.

Furthermore, other circuits that have addressed this issue have limited challenges in the context of reimposing a special condition. The Eighth Circuit has noted that "a defendant should not benefit from supervised release violations, where special conditions of supervised release would have remained in effect at the time in question if the defendant had not violated supervised release." *United States v. Lincoln*, 876 F.3d 1137, 1140 (8th Cir. 2017) (internal marks omitted); *see also United States v. Simpson*, 932 F.3d 1154, 1156 (8th Cir. 2019), *cert.*

-10-

*denied*, 140 S. Ct. 826 (2020) ("[The defendant's] objection to the court reimposing old supervised release conditions amounts to an improper collateral attack of the underlying sentence."). In *Lincoln*, which involved a similar revocation of supervised release and reimposition of special conditions, the court stated "[i]t would be paradoxical to allow [the defendant] to forego a treatment program—a program he did not initially object to and which the record suggests he may benefit from—because he flagrantly violated the district court's prior orders." *Lincoln*, 876 F.3d at 1140. The Eleventh Circuit "does not require the district court to articulate specific reasons for reimposing a particular condition." *United States v. Poignant*, 676 F. App'x 832, 835 (11th Cir. 2017) (unpublished). And the Fifth Circuit considers "[t]he fact that [a defendant] had already been properly subject to such conditions . . . at least a factor supporting reimposition." *United States v. Johnson*, 577 F. App'x 241, 244 (5th Cir. 2014) (unpublished).

These cases all suggest that the reimposition of a special condition of release is different than imposing one in the first instance. Regardless, the lack of Tenth Circuit precedent on the matter as well as these cases from other circuits indicate that any error the district court made here was not plain.

Nor can Henry show that the last two prongs of plain error review are met. "[W]e may vacate special conditions of supervised release only if the record reveals no basis for the conditions." *Barela*, 797 F.3d at 1192. This is because

-11-

"[i]f the record reveals [such] a basis, there is no reasonable probability that but for the error the defendant's sentence would be different and thus the proceeding's fairness was not impacted." *Id.* We find the record supports advance employment approval, the successful completion of a drug program, and abstention from alcohol for the duration of the supervised release. Henry admitted to abusing marijuana and alcohol prior to his arrest in the underlying case and admitted to using marijuana on the day of his release from prison. The sentencing guidelines recommend participation in a substance abuse program and abstention from alcohol if the court has reason to believe the defendant has previously abused a controlled substance. USSG § 5D1.3(d)(4). And Henry's lack of consistent lawful employment since 1986 supports advance employment approval by his probation officer. Thus, Henry has "failed to show the error affected either his substantial rights or the reputation or fairness of the proceeding." *Barela*, 797 F.3d at 1193.

In sum, Henry cannot meet the requirements for plain error, and we decline to vacate his sentence.

## III. Conclusion

Because the district court's failure to give individualized reasons for the reimposition of special conditions was not plain error, we AFFIRM the district court's sentence and decline to remand for resentencing.