FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT MACK HOLUBY,

    Defendant - Appellant.

No. 21-6071
(D.C. No. 5:99-CR-00019-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BALDOCK**, and **ROSSMAN**, Circuit Judges.[1]
_____

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

This appeal arises from a district court's reimposition of a supervised release condition on a sex offender's third violation of supervised release. The condition forbids the defendant from possessing adult pornography, which he argues is a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Judge Rossman joins the proposed order and judgment in full, with the exception of the discussion of the third and fourth prongs of plain error, which she does not believe is necessary to the disposition of this appeal.

fundamental right.  The district court did not provide reasoning for the condition, as it must when a condition impinges on a fundamental right.  The defendant did not object at sentencing.  He now appeals, arguing the district court committed plain error.

## I.     BACKGROUND

In 1999, Robert Holuby, then 31 years old, pled guilty to two counts of engaging in sex with a minor.  He received two sentencing enhancements, one because the sexual assaults were violent and the second because one of the children was in his custody at the time of the assault.  The district court also found he was a career offender, as he had previous convictions for forcible sodomy and battery with intent to kill.  It sentenced Mr. Holuby to 262 months imprisonment and five years of supervised release.  At Mr. Holuby's sentencing, the district court imposed a supervised release condition forbidding him from possessing pornography.

Mr. Holuby was released from prison into a halfway house in February 2018.  By December 2018, Mr. Holuby had violated his supervised release conditions by drinking alcohol and possessing adult pornography.  At the hearing for the first revocation of Mr. Holuby's supervised release, the district court imposed the condition at issue: "The defendant shall not view, purchase, possess, or distribute any form of pornography depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2), unless approved for treatment purposes, or frequent any place where such material is the primary product

for sale or entertainment is available." Aple. Br. at 6. It sentenced Mr. Holuby to another five months of custody and four years of supervised release.

In May 2019, Mr. Holuby was released from prison again. By October 2019, Mr. Holuby committed myriad supervised release violations, including drinking alcohol and again possessing adult pornography. The district court sentenced him to nine months custody and 24 months supervised release. It reimposed many of the same conditions of release, including the challenged pornography condition. Mr. Holuby did not object to the conditions.

In July 2020, Mr. Holuby was again released from custody. By February 2021, Mr. Holuby had again violated his conditions of supervised release. He admitted to failing to update his address for the sex offender registry (SORNA), missing sex offender treatment sessions, and drinking alcohol. The district court continued the revocation hearing for Mr. Holuby to complete 60 days of alcohol monitoring.

In May 2021, the district court held the revocation hearing. It sentenced Mr. Holuby to 14 months of custody and 12 months of supervised release. It reimposed the prior conditions of supervised release, including the prohibition on pornography. Mr. Holuby again did not object. *See* App. Vol. III at 22, 23 (Court: "[D]oes anybody desire any additional or more detailed statement of reasons or have any other reason that I

should not impose sentence at this time?" Defense: "No."; Court: "[D]oes the defendant require me to read those special conditions at length?" Defense: "No.").

Mr. Holuby now appeals the unreasoned imposition of the supervised release condition prohibiting pornography.

## II.    ANALYSIS

The district court's failure to provide reasoning for its condition restricting pornography was not plain error. To meet the plain error standard, Mr. Holuby must show (1) "an error" (2) "that is plain," (3) "that affects substantial rights," and (4) "that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *See United States v. Burns*, 775 F.3d 1221, 1223 (10th Cir. 2014).

As for whether the district court erred, "when a court imposes a special condition that invades a fundamental right or liberty interest, the court must justify the condition with compelling circumstances." *Id.* at 1223. If the district court had failed to justify the first imposition of such a condition, it would constitute error. It is not clear whether the district court erred when it failed to reason the second imposition of the supervised release condition. We have not established whether a district court must explain a condition upon *re*imposition of the condition.[2] Thus, it

_____

[2] It is not clear that the district court ever provided reasoning for this special condition. But if Mr. Holuby truly objects to the *initial* imposition without reasoning, he has missed his window to appeal that decision. *See United States v. Henry*, 979 F.3d 1265, 1270 (10th Cir. 2020) ("[The defendant's] objection to the court reimposing old supervised release conditions amounts to an improper collateral attack of the underlying sentence." (quoting *United States v. Simpson*, 932 F.3d 1154, 1156 (8th Cir. 2019), *cert. denied*, 140 S. Ct. 826 (2020))).

is not clear that the district court erred here.  *See United States v. Henry*, 979 F.3d 1265, 1270 (10th Cir. 2020) (concluding there were no "Tenth Circuit or Supreme Court cases dealing with the procedural requirements for reimposing a special condition of supervised release.").  Even assuming error, the error is not plain.

"An error is plain if it is 'clear and obvious under current law.'" *Id.* (quoting *United States v. Brown*, 316 F.3d 1151, 1158 (10th Cir. 2003)).  Here, there is no current law that makes it clear and obvious that a district court must provide reasoning for the reimposition of a sentencing condition.  The "lack of Tenth Circuit precedent" on the issue of reasoning a reimposed condition "as well as these cases from other circuits indicate that any error the district court made here was not plain." *United States v. Henry*, 979 F.3d 1265, 1270 (10th Cir. 2020) (collecting cases).

As for whether the error affected Mr. Holuby's substantial rights, it did only if there is "a reasonable probability that the error affected the outcome of the proceedings." *Burns*, 775 F.3d at 1224.  "In the sentencing context, we ask: Is there a reasonable probability that but for the court's error, [the defendant] would have received a lesser sentence?" *Id.*  Since this case is about a special condition, we look to the requirements for the imposition of a special condition.  Those two requirements are: (1) "The condition is reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant;" and (2) "The condition involves no greater deprivation of liberty than is reasonably necessary." *Id.*  We will vacate a special condition only if there is "no basis" in the record for such a condition.  *Henry*, 979 F.3d at 1270.  Here, Mr. Holuby's parole

officer recommended the imposition of the condition. Further, the condition was plainly related to Mr. Holuby's underlying conviction for sexual assault. Thus, it is likely the district court could and would have provided reasoning and still imposed the condition.

Some courts collapse prongs (3)—affecting substantial rights—and (4)—affecting the integrity of the proceedings—of the plain error test. But we do not "subscribe to this approach." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 736 (10th Cir. 2005) (holding Supreme Court precedent requires that prongs (3) and (4) must be given separate meaning). Thus, even if an error affects substantial rights, it must also seriously affect the integrity of the proceedings to constitute plain error. To seriously affect the fairness, integrity, or public reputation of judicial proceedings, a non-constitutional error must be "particularly egregious" or, left uncorrected, result in a "miscarriage of justice." *Id.* (quoting *United States v. Gilkey*, 118 F.3d 702, 704 (10th Cir. 1997)). This is a demanding standard. *Id.* "[S]entencing error meets the fourth prong of plain-error review only in those rare cases in which core notions of justice are offended." *Id.* at 739. This unreasoned reimposition of a supervised release condition is not particularly egregious, nor does it constitute injustice. The public reputation of the judiciary is unlikely to suffer because a violent sex offender is denied access to pornography without explanation. This is especially true because Mr. Holuby did not request additional explanation of the condition even when the district court specifically asked him. *See* App. Vol. III at 22, 23.

6

Mr. Holuby has failed to show that the district court committed plain error. Even if the district court erred, the error was not plain, did not affect Mr. Holuby's substantial rights, and did not affect the integrity of the proceedings.

## III.    CONCLUSION

For the reasons above, we find that the district court did not commit plain error. Thus, we AFFIRM.

Entered for the Court

Timothy M. Tymkovich
Chief Judge