**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 30, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

RICHARD ALAN SISNEY,

　　Defendant - Appellant.

No. 24-5130
(D.C. No. 4:22-CR-00190-JFH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **CARSON**, and **FEDERICO**,[1] Circuit Judges.
_____

Richard Sisney pleaded guilty to an indictment charging him with possession

and receipt of child pornography without a plea agreement.  At sentencing, the

district court imposed a 121-month custodial sentence with ten years of supervised

release.  The district court added several special conditions to his supervised release

based on Sisney's offense, including a condition that precluded him from possessing

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Judge Federico concurs in the Order and Judgment with the exception of footnote 5.

or viewing child and adult pornography. Sisney appeals, arguing that the district court abused its discretion by imposing the special condition without conducting an individualized assessment of Sisney or discussing how the condition furthers the goals of supervised release.

Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM**. We do not reach the merits of Sisney's claim because he waived his argument by not arguing plain error, the correct standard of review here, in his opening brief.

# I.    Background

## A.    *Factual Background*

FBI agents searched Sisney's residence following an investigation identifying individuals possessing and sharing child pornography. The search resulted in the recovery of 958 images and 1,418 videos containing child sexual abuse involving prepubescent children and young teens. Some of these images were sadomasochistic, and included a minor female being bound, gagged, choked, and flogged. Sisney was subsequently charged with a four-count indictment for charges involving receipt, possession, and distribution of child pornography. He pleaded guilty to all four counts without a plea agreement. The following year, the government moved to dismiss counts three and four of the indictment, which the district court granted.

## B.    *Sisney's Sentencings*

Sisney appeared for sentencing several months later. The government did not move for a one-point reduction of Sisney's offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(b); it reasoned that Sisney was not entitled to a

reduction because he did not take a plea agreement. The court agreed and did not reduce Sisney's offense level under § 3E1.1(b), sentencing him to two concurrent 135-month terms of imprisonment. As part of his ten-year supervised release, Sisney was restricted from possessing or viewing child and adult pornography under paragraph four of the Special Sex Offender Conditions, as recommended in the PSR. The court, relying on the PSR, determined that the special condition was necessary to "adequately protect the public . . . as it is often impractical to differentiate between children and adults in sexually oriented materials." Vol. I, 73; *see* Vol. II, 12. No objections were made to the special condition both before and at sentencing.

Sisney appealed, asserting that he was entitled to the one-point reduction under § 3E1.1(b). He did not appeal any of the imposed special conditions. On appeal, the government agreed that it could not withhold the reduction merely because Sisney had pleaded guilty without a plea agreement. The parties thus jointly moved to remand for de novo sentencing. We granted that motion.

Before Sisney's resentencing, the probation office prepared a revised PSR that included the previously contested one-level reduction under § 3E1.1(b). Otherwise, the revised PSR largely remained the same, including its recommendation of special conditions as part of Sisney's supervised release. Again, Sisney did not object to the revised PSR or to the special conditions. Instead, he filed motions for a departure and variance, seeking to reduce his offense eight levels to reach a 60-month imprisonment sentence.

At his resentencing proceeding, Sisney affirmed that he had no objections to the revised PSR. He advocated for a lower sentence in light of his age, health, lack of criminal history, and the need to avoid unwarranted sentencing disparities. The court acknowledged Sisney's arguments but determined he did not warrant a departure or variance. Sisney was sentenced to the bottom of the Guidelines range to 121 months of imprisonment[2] with ten years of supervised release. Like at his first sentencing, the court again imposed special sex offender conditions, including that he be precluded from possessing or viewing child and adult pornography. *See* Vol. I, 131 ("The defendant shall not possess or view books or any form of writings, images or videos depicting or describing sexually explicit conduct[3] or child pornography, as defined in 18 U.S.C. §§ 2256(2) and 2256(8)."). The court repeated its reasoning for the special condition: the condition was necessary to adequately protect the public because at least some of the child pornography Sisney possessed depicted teenage victims, and "it is often impractical to differentiate between teenage children and adults in sexually oriented materials." Vol. III, 17.

Upon remanding Sisney to the custody of the United States Marshals Service, the district court asked if there was "anything else from the defense." Vol. III, 21.

---

[2] Sisney's offense level was 32 with a criminal history category of I. His Guidelines range was thus 121 to 151 months of imprisonment.

[3] "'Sexually explicit conduct' is defined as 'actual or simulated' sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, or 'lascivious exhibition of the genitals or pubic area of any person.'" *United States v. Barela*, 797 F.3d 1186, 1193 n.3 (10th Cir. 2015) (quoting 18 U.S.C. § 2256(2)(A)).

Defense counsel responded that he wished to "note for the record our continuing objection to the court's denial of our motion for variance, our motion for departure, as well as the court's imposition of special sex offender [paragraph] number 4 as it's unconstitutional." Vol. III, 21–22. The court noted the objection.

## II.     Discussion

Sisney appeals the imposition of the special condition that prohibits him from possessing or viewing both child and adult pornography. Critically, he overlooks the fact that he failed to timely object and preserve the issue for appeal. And because he did not satisfy his burden of demonstrating plain error in his opening brief, we deem the issue waived.

### A.     *Plain Error*

"When the defendant objects to a special condition of supervised release at the time it is announced, this Court reviews for abuse of discretion." *United States v. Mike*, 632 F.3d 686, 691 (10th Cir. 2011) (citation omitted). But if the defendant failed to object below, we typically treat the argument as forfeited and review for plain error. *Id.*; *United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019). It is not enough to object generally—the defendant must have raised the specific objection they now appeal before the district court. *United States v. Henry*, 979 F.3d 1265, 1268–69 (10th Cir. 2020); *United States v. Finnesy*, 953 F.3d 675, 689 (10th Cir. 2020) (applying plain error review because defendant's "general request" or objection was insufficient and defendant "directed the district court toward[s] an alleged error" different from the one "he presents on appeal").

Here, plain error review applies because Sisney did not make timely and specific objections. Despite ample opportunity to do so, Sisney did not submit objections to the revised PSR—which included the special condition—before his two sentencings, nor did he timely raise relevant objections during the proceeding "at the time [the special condition was] announced." *See Mike*, 632 F.3d at 691 (citations omitted). Only after the sentence and supervised release was imposed, and after Sisney was remanded to the Marshals Service and no longer present at his resentencing, did his defense counsel note his objection to the special condition of supervised release on "constitutional" grounds, without any explanation.[4] And if not already enough to trigger plain error review, defense counsel indicated he was *noting* and *preserving* this objection for the record; he did not elaborate on the basis of the objection, nor did he raise the objection for the purpose of having the court resolve it. Accordingly, the court was not aware of the need to clarify reasons for the applicability of the special condition. *See United States v. Rodebaugh*, 798 F.3d 1281, 1313 (10th Cir. 2015) ("It is not enough for a party to make a remark to the district court that is related to the eventual appeal point" because "[a]bsent a specific

---

[4] Sisney argues that his defense counsel objected at the next possible moment after the special condition was rendered. But there is no showing that defense counsel attempted to object to the special condition until the last possible moment before Sisney was remanded to the Marshals Service. Moreover, Sisney's initial PSR from his first sentencing proceeding included the same special sex offender condition. And that same condition was imposed as part of his supervised release in his first sentencing proceeding. In other words, Sisney had adequate prior notice of the court's intent to impose sex offender conditions and could have timely objected to the imposition of the condition. *See United States v. Hahn*, 551 F.3d 977, 982 (10th Cir. 2008).

objection, the district court is deprived of the opportunity to correct its action in the first instance." (citations omitted)). We therefore review Sisney's forfeited argument under the plain-error standard. *See Henry*, 979 F.3d at 1268 (reviewing for plain error because defendant "did not raise [the] specific procedural objection . . . before the district court").

Under plain error review, Sisney has the burden to demonstrate "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1269.

### B.    *Waiver*

Sisney did not brief arguments under the plain error standard in his opening brief, but belatedly addressed plain error in his reply brief only after the government noted a potential waiver issue. The question then is whether we overlook waiver. We decline to do so.

"When an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived . . . and decline to review the issue at all—for plain error or otherwise." *Leffler*, 942 F.3d at 1196 (citation omitted). That is because it is the appellant's burden to satisfy our rigorous plain-error test, *Henry*, 979 F.3d at 1268, and we will not craft arguments on his behalf.

Applying that general principle here and relying on our precedent, we decline to address the merits of Sisney's claim. Sisney chose to argue in his opening brief that the court abused its discretion in applying the special condition—thus he waived

7

his already forfeited argument on appeal. *See United States v. Wright*, 848 F.3d 1274, 1281 (10th Cir. 2017) (declining to review appellant's argument under the plain-error standard because he incorrectly argued the court abused its discretion).

Even though Sisney briefed plain error in his reply brief, our conclusion remains unchanged. Indeed, "we generally do not consider arguments made for the first time on appeal in an appellant's reply brief and deem those arguments waived." *Leffler*, 942 F.3d at 1198. In certain circumstances, we have exercised our discretion and "left open the door for a criminal defendant to argue error in an opening brief and then allege plain error in a reply brief after the government asserts waiver." *Id.* (citing *United States v. MacKay*, 715 F.3d 807, 831 n.17 (10th Cir. 2013)). But we will only exercise our discretion if the error is obvious enough and it "permit[s] the appellee to be heard and the adversarial process to be served." *Id.* (quoting *United States v. Isabella*, 918 F.3d 816, 844 (10th Cir. 2019)).

The circumstances here do not warrant forgiving Sisney's briefing deficiencies. Sisney forfeited his challenge when he did not properly object to the special condition before the district court, despite having notice that the special condition would be imposed and numerous opportunities to do so. And even though he addressed plain error in his reply brief, he continues to insist that his argument was preserved notwithstanding his last-minute, cursory objection. Reviewing Sisney's argument would not serve the adversarial process and would only pardon

poor litigation practices. We thus decline to exercise our discretion to review his claim for plain error.[5]

## III. Conclusion

For these reasons, we affirm.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[5] Even if we were to exercise our discretion to review Sisney's claim under the plain-error standard, we are doubtful Sisney would be entitled to relief. Assume the district court did in fact fail to adequately explain why it was prohibiting Sisney from possessing or viewing adult pornography—Sisney would still not prevail because the error does not affect a substantial right when a compelling basis existed for the special condition. *See United States v. Doty*, No. 24-5091, 2025 WL 2525198, at *4 (10th Cir. Sept. 3, 2025). Recall, Sisney possessed child pornography that depicted prepubescent and young *teenage* victims. The imposed special condition eases the difficulty probation officers will face in policing Sisney's use of pornography given the close boundary between illicit child pornography and licit adult pornography. It also reasonably protects the public from Sisney's further crimes and affords adequate deterrence of his criminal conduct.