**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 30, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES HOWARD BURNS,

Defendant - Appellant.

No. 13-5045

---

**Appeal from the United States District Court**
**for the Northern District of Oklahoma**
**(D.C. No. 4:12-CR-00053-CVE-1)**

---

Barry L. Derryberry, Office of the Federal Public Defender, Tulsa, Oklahoma (Julia L. O'Connell, Federal Public Defender, and Stephen J. Greubel, Assistant Federal Public Defender, Tulsa, Oklahoma, on the briefs) for Appellant-Defendant.

Leena Alam, Assistant United States Attorney, Tulsa, Oklahoma (Danny C. Williams, Sr., United States Attorney, and Matthew P. Cyran, Assistant United States Attorney, Tulsa, Oklahoma, on the brief) for Appellee-Plaintiff.

---

Before **GORSUCH**, **SEYMOUR**, and **BACHARACH**, Circuit Judges.

---

**BACHARACH**, Circuit Judge.

Mr. James Burns was convicted of possession and attempted possession of child pornography. *See* 18 U.S.C. § 2252(a)(4)(B), (b)(2). He was sentenced to 63 months in prison, followed by 5 years of supervised release. This appeal involves one of the conditions of his supervised release. That condition requires approval of the probation department before Mr. Burns can have any contact with minors, including his youngest daughter (S.B.).

This restriction intrudes on Mr. Burns's constitutional right to familial association. Because of this intrusion on a constitutional right, the district court should have made particularized findings before restricting Mr. Burns's contact with his daughter. Because the district court failed to make these findings, we reverse on plain error.[1]

## I.    Plain Error

Because Mr. Burns did not object to the condition in district court, we review only for plain error. *United States v. Mike*, 632 F.3d 686, 691 (10th Cir. 2011). To establish plain error, Mr. Burns must show an error that is plain, that affects substantial rights, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005).

---

[1]    The district court's error was understandable because of defense counsel's failure to object.

Mr. Burns has established plain error. The district court restricted his contact with a family member without making the constitutionally required findings. If the court had addressed these findings, there is a reasonable probability that the court wouldn't have restricted Mr. Burns's contact with S.B. Thus, we vacate the restriction that requires probation office approval for Mr. Burns to contact his daughter and remand for reconsideration of this restriction.

## A. Error

Mr. Burns has shown that the district court made an error.[2]

A district court has broad discretion to impose conditions on supervised release. *United States v. Mike*, 632 F.3d 686, 692 (10th Cir. 2011). But when a court imposes a special condition that invades a fundamental right or liberty interest, the court must justify the condition with compelling circumstances. *Id.* at 1284.

Mr. Burns has a fundamental liberty interest that is invaded by the special condition, for "a father has a fundamental liberty interest in maintaining his familial relationship with his [child]." *United States v. Edgin*, 92 F.3d 1044, 1049 (10th Cir. 1996). Thus, the circumstances had

---

[2] In oral argument, the government argued for the first time that the claim is precluded under the invited error doctrine. Oral Arg. 17:28-44. But, the government had not raised this argument in its brief. Thus, the government waived reliance on the invited error doctrine. *See United States v. Rivera-Nevarez*, 418 F.3d 1104, 1112 n.2 (10th Cir. 2005) ("[I]ssues raised for the first time at oral argument are waived.").

to be compelling before the district court could restrict Mr. Burns's contact with S.B. *See United States v. Lonjose*, 663 F.3d 1292, 1303 (10th Cir. 2011) (stating that a similar condition interfered with the right of familial association); *Edgin*, 92 F.3d at 1049 (remanding for reconsideration of a sentence when the court prohibited contact without justification).

The district court failed to make the required findings, as the government conceded in oral argument. Oral Arg. 23:38-47; 31:00-22. Thus, the district court erred by failing to justify the invasion on Mr. Burns's fundamental right of familial association.

## B.    Plain

Mr. Burns must also show that the error was plain. "An error is plain if it is 'clear and obvious under current law.'" *United States v. Brown*, 316 F.3d 1151, 1158 (10th Cir. 2003) (quoting *United States v. Fabiano*, 169 F.3d 1299, 1302-03 (10th Cir. 1999)).

Our precedents unambiguously require supporting findings when courts impose special conditions of supervised release. *Edgin*, 92 F.3d at 1049; *United States v. Smith*, 606 F.3d 1270, 1283 (10th Cir. 2010); *United States v. Hahn*, 551 F.3d 977, 982-83 (10th Cir. 2008). This precedent was "clear and obvious" when Mr. Burns was sentenced in April 2013. Thus, the error was plain under current law.

## C.  Affects Substantial Rights

Mr. Burns has satisfied his burden to show that the court's error affects his substantial rights.  But for the district court's error, a reasonable probability exists that the court would not have restricted Mr. Burns's contact with S.B.

An error affects substantial rights if there is a reasonable probability that the error affected the outcome of the proceedings.  *United States v. Marcus*, 560 U.S. 258, 262 (2010).  In the sentencing context, we ask: Is there a reasonable probability that but for the court's error, Mr. Burns would have received a lesser sentence?  *See United States v. Trujillo-Terrazas*, 405 F.3d 814, 819 (10th Cir. 2005) (reviewing an application of the sentencing guidelines for plain error).

To resolve this question, we analyze the requirements for imposing a special condition of supervised release.  Courts may impose a special condition if two requirements are met:

1.  The condition is reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant.

2.  The condition involves no greater deprivation of liberty than is reasonably necessary.

*United States v. Hahn*, 551 F.3d 977, 983 (10th Cir. 2008).  To be valid, the condition must satisfy both requirements.  *Hahn*, 551 F.3d at 983-84.

The condition likely fails under the second requirement. At sentencing, neither the pretrial services officer nor government counsel spoke of a need to restrict Mr. Burns's right to visit his daughter.[3] As a result, if the district court had addressed the issue, it probably would not have restricted contact with S.B.

Because of the burden on Mr. Burns's constitutional right of familial association, the restriction is valid only if Mr. Burns presents a danger to S.B. *United States v. Lonjose*, 663 F.3d 1292, 1303 (10th Cir. 2011). But, the record is not sufficient for us to make this determination in the first instance. There is no evidence that Mr. Burns has abused or sexually molested children, and the record indicates that Mr. Burns has a positive relationship with four of his five children. II App. at 8-9. Thus, there was little to support a restriction on Mr. Burns's contact with S.B.

The government argues that the condition was appropriate because it provides an alternative for Mr. Burns "to pursue contact with his daughter, while still providing needed protection for her and other children." Aplee's Br. at 16. But the district court probably would have rejected this

_____

[3]    The presentence report referred to the possibility of special conditions, but did not identify them. Instead, the presentence report referred to the "Special Sex Offender Conditions." These conditions were not listed in the presentence report. Instead, the document cited the court's website for a list of the conditions. The website contains a list of potential special conditions listed in a general order issued by the district court in 2008. *See In re Special Condition of Probation & Supervised Release*, Gen. Order No. 08-3 (N.D. Okla. Mar. 28, 2008).

alternative in light of the absence of any evidence or argument on a need to protect S.B. from Mr. Burns. *See Lonjose*, 663 F.3d at 1303 (stating that a restriction on contact with the defendant's young relatives violated the Constitution notwithstanding the allowance of contact upon permission by a probation officer);[4] *see also United States v. Doyle*, 711 F.3d 729, 736 (6th Cir. 2013) (holding that the imposition of special conditions of supervised release for a sex offender, without the required findings, affected the defendant's substantial rights because a reasonable probability existed that the court may not have imposed the special conditions if it had explained the basis for the conditions or made sure that the record supported the conditions); *United States v. Perazza-Mercado*, 553 F.3d 65, 78 (1st Cir. 2009) (holding that the erroneous imposition of a condition of supervised release, which banned possession of all pornography by a sex offender, affected the defendant's substantial rights because the lack of explanation for the ban created a reasonable probability that the court might not have imposed the condition if it had explained the basis for the condition or made sure that "the record illuminated the basis for the condition").

---

[4]     The author of the *Lonjose* opinion was the judge who imposed Mr. Burns's sentence.

## D. Seriously Affects Judicial Proceeding

Finally, Mr. Burns has shown that the error "'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Rosales-Miranda*, 755 F.3d 1253, 1262 (10th Cir. 2014) (quoting *United States v. Figueroa-Labrada*, 720 F.3d 1258, 1266 (10th Cir. 2013)).

As discussed above, the district court likely would have softened the contact restrictions if the issue had been raised. As a result, the error seriously affected the fairness and integrity of the proceedings. *See United States v. Doyle*, 711 F.3d 729, 736 (6th Cir. 2013) (holding that the imposition of special conditions of supervised release for a sex offender, without the required findings, affected the "fairness, integrity, or public reputation of the proceedings because these conditions were likely more severe than the ones the district court would have imposed had it fulfilled its obligation to explain its reasoning for imposing any special conditions").

Because the error undermines the fairness, integrity or public reputation of judicial proceedings, we conclude that Mr. Burns has satisfied the final prong of plain-error review.

## II. Conclusion

The district court committed plain error by restricting Mr. Burns's contact with his daughter without the required findings. Thus, we remand

for reconsideration of the supervised-release condition requiring Mr. Burns to obtain permission from the probation office before he can contact S.B.