**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 13, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

RANAY PAUL PEREZ,

　　Defendant - Appellant.

No. 16-1114

(D.C. No. 1:14-CR-486-CMA-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.[**]

---

In 2011, Defendant Ranay Paul Perez was caught with 35.5 kilograms of marijuana in his vehicle. Perez pled guilty in federal court both to conspiracy to possess with intent to distribute, and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841 & 846. The district court sentenced Perez to 33 months in prison and three years of supervised release. After Perez was released from prison, he was placed on supervised release.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). Accordingly, Defendant's unopposed motion to submit this case on the briefs and withdraw his oral argument request is GRANTED.

In 2016, the United States Probation Office charged Perez with violating numerous terms of his supervised release. At the revocation hearing, Perez acknowledged he failed to report to his probation officer on at least five separate occasions, failed to notify his probation officer on at least two separate occasions of a change in residence, failed to appear in court for a supervised release violation hearing, departed from a judicial district without permission, and used methamphetamine. This time, the district court sentenced Perez to nine months' imprisonment to be followed by 25 months of supervised release.[1] Perez appealed. We exercise jurisdiction under 18 U.S.C. § 3742(a), and summarily affirm.

On appeal, Perez's sole objection is to the following special condition of supervised release:

> The defendant shall submit his person, property, house, residence, papers, computers, and other electronic communication or data storage devices or media or office to a search conducted by a United States Probation Officer. Failure to submit to the search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. And an officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a

---

[1] Perez's criminal history suggests he has difficulty following the rules. His Presentence Report indicates that in 2000, Perez was convicted in state court of making a "terroristic threat" against a woman. The court initially sentenced Perez to probation but later revoked his probation and imprisoned him for one year. In 2004, Perez was convicted in state court of resisting arrest after law enforcement had to subdue him with a taser. As a result, Perez spent another 126 days in prison. In 2006, Perez was convicted in state court of theft. The court originally sentenced Perez to probation, but later revoked his probation and imprisoned him for sixty days.

condition of his supervision and that the areas to be searched contain evidence of this violation. The search must also be conducted at a reasonable time and in a reasonable manner.[2]

Rec. vol. IV, at 52. According to Perez, a search condition that permits a search of his computers and electronic media is not reasonably related to his underlying offense of drug trafficking or the violations of his supervised release conditions. On top of that, Perez asserts the district court failed to make particularized findings to support the imposition of the special condition. Because Perez posed a substantive objection to the special condition at his revocation hearing, we review its imposition for an abuse of discretion. United States v. Martinez-Torres, 795 F.3d 1233, 1236 (10th Cir. 2015). We review the district court's findings in support of its imposition only for plain error, however, given Perez's failure to make a procedural objection at the hearing. Id.

\* \* \*

District courts have considerable discretion in setting conditions of supervised release. United States v. Hanrahan, 508 F.3d 962, 970 (10th Cir. 2007). But that discretion is not unlimited. In addition to comporting with the Constitution, conditions of supervised release must satisfy the three statutory requirements set forth in 18 U.S.C. § 3583(d)(1)–(3).

---

2 The language of the special condition contained in the court's written judgment differs somewhat from the condition as orally pronounced at sentencing. The court's oral pronouncement controls. See United States v. Barwig, 568 F.3d 852, 855 (10th Cir. 2009).

3

> First, they must be reasonably related to *at least one* of the following: the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's . . . correctional needs. Second, they must involve no greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation. Third, they must be consistent with any pertinent policy statements issued by the Sentencing Commission.

United States v. Mike, 632 F.3d 686, 692 (10th Cir. 2011) (citing § 3583(d)) (emphasis added). Perez does not suggest the special condition to which he objects conflicts with any policy statements of the Sentencing Commission, so our focus is on the first two requirements of § 3583(d).

In this case, the district court near the conclusion of the revocation hearing stated its reasons for imposing the special condition on Perez:

> In this particular case, the search condition was requested to hold Mr. Perez accountable for his conditions of supervision, control the risk to the community, provide an element of deterrence for future criminal conduct, and address other officer safety concerns. And that is based on his criminal history, which does have violence, positive drug tests, and his recent conduct on supervised release in terms of absconding from supervision.

Rec. vol. IV, at 51–52. Based on this reasoning, the court found the special condition was reasonably related to the § 3553(a) factors and did not constitute a greater deprivation of liberty than reasonably necessary to accomplish the goals of sentencing. Id. at 50.

We locate no error, procedural or substantive, in the district court's decision to impose the special condition of supervised release on Perez. To be sure, a court

4

is required to make "particularized" findings in support of a condition of supervised release that affects a fundamental liberty interest. See United States v. Burns, 775 F.3d 1221, 1222 (10th Cir. 2014) (imposition of condition intruding on constitutional right to familial association required particularized findings). But we have news for Perez. Every condition of supervised release restricts liberty to some degree. Yet not every restriction affects a fundamental interest requiring particularized findings. In this case, Perez identifies no "fundamental" interest that the special condition restricts. This means the district court was only required to set forth enough on the record to satisfy us that it had "a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). In other words, the district court was only required to provide a "generalized statement of its reasoning" before imposing the special condition of release. United States v. Hahn, 551 F.3d 977, 982 (10th Cir. 2008) (internal quotation marks omitted). Here, the district court did just that, satisfying us that a "reasoned basis" underlies the special condition of Perez's supervised release.

In Hahn, we recognized a district court may impose a special condition of release "notwithstanding the conduct at which [it is] targeted is unrelated to the offense of conviction." Id. at 984. The search condition at issue here may not relate to the nature and circumstances of Perez's underlying drug trafficking conviction. But the condition does relate to Perez's history and characteristics given his apparent inability to abide by even standard conditions of supervised release. The special

5

condition is also reasonably related to deterrence. Perez now knows he faces increasingly stiff conditions of supervision or perhaps still more prison time if he cannot adhere to present restrictions on his liberty.

Furthermore, we are satisfied the special condition involves no greater deprivation of liberty than reasonably necessary to satisfy the sentencing criteria of § 3553(a). As a convicted felon on supervised release, Perez does "not enjoy the absolute liberty to which every citizen is entitled." United States v. Knights, 534 U.S. 112, 119 (2001). Indeed, we have upheld as a reasonable condition of supervised released *suspicionless* searches based on a defendant's conviction for unlawful possession of a firearm. See Hanrahan, 508 F.3d at 971. Here, the search condition expressly requires reasonable suspicion that Perez has violated a condition of his supervision *and* that the areas to be searched contain evidence of this violation. See United States v. James, 603 F. App'x 717, 722 (10th Cir. 2015) (unpublished) (recognizing a condition of supervised release containing a reasonable suspicion requirement creates a lesser deprivation of liberty than that approved of in Hanrahan). Thus, the condition shields Perez from arbitrary government action. If he obeys the rules, Perez has little to worry about.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

6