**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSHUA MICHAELIS, a/k/a Joshua
Robert Michaelis,

    Defendant - Appellant.

No. 17-3179
(D.C. No. 6:16-CR-10094-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **HARTZ**, Circuit Judges.
_____

In 2017, Defendant pleaded guilty to manufacturing and passing counterfeit United States securities or obligations. The district court sentenced him to twenty-four months' imprisonment, to be followed by three years of supervised release. The district court imposed a special condition of release that subjected Defendant's property to search. Defendant appeals this condition, arguing the district court plainly erred in imposing the condition without making defendant-specific findings. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

In late 2012, Defendant embarked on a crime spree that lasted until August 2015. During this period, Defendant was convicted in Colorado state court twelve times for various crimes, including possession of methamphetamine, fraud, forgery, and identity theft. After serving time in jail for these offenses, Defendant began serving probation sentences for six of the convictions. While still on probation around July 2015, Defendant travelled to Kansas. There, he manufactured and passed counterfeit twenty-dollar bills. In August 2015, U.S. Secret Service agents arrested Defendant and extradited him back to Colorado, where the state court revoked his probation and returned him to jail.

In June 2016, a grand jury indicted Defendant in the District of Kansas for manufacturing counterfeit United States securities or obligations, in violation of 18 U.S.C. § 471, and passing counterfeit Federal Reserve notes, in violation of 18 U.S.C. § 472. Defendant returned to Kansas for prosecution on these federal charges and pleaded guilty, without a plea agreement, to both counts. The district court imposed a downward-variance sentence of twenty-four months' imprisonment, to be served consecutively to the remainder of his Colorado state sentence, followed by a three-year term of supervised release.

Defendant's presentence investigation report (PSR) recommended the imposition of various conditions of supervised release, including the following special condition:

You must submit your person, house, residence, vehicle(s), papers, business or place of employment and any property under your control to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. You must warn any other residents that the premises may be subject to searches pursuant to this condition.

ROA Vol. II at 38. Defendant did not object to this or any other condition. At sentencing, the district court adopted the PSR's conditions. Explaining its adoption of the special search condition, the court stated, "And, finally, as I do in all cases, I'm authorizing a condition of search and seizure of the defendant and his property, both to verify compliance and for safety of the probation officer." ROA Vol. III at 94. Defendant failed to object to this condition at this point as well but timely appealed.

## II.

Defendant argues on appeal that the district court erred in imposing a special condition "in all cases" without making defendant-specific findings. As Defendant acknowledges, he did not make this argument before the district court and has therefore forfeited the argument.[1] Accordingly, we review for plain error. *United*

---

[1] Invoking *United States v. Morrison*, 771 F.3d 687 (10th Cir. 2014), the Government argues Defendant waived, rather than forfeited, this argument. In *Morrison*, we held a defendant waived a challenge to a special condition of release when, at sentencing, his argument for a lesser sentence was predicated on the deterrence that specific special condition would afford. 771 F.3d at 694–95. Here, the Government contends Defendant intentionally did not object to the special search condition because doing so would have undermined his argument for a downward variance. In defense counsel's argument for a downward variance, he noted Defendant would "continue to be punished." ROA Vol. III at 87. Subsequently,

*States v. Burns*, 775 F.3d 1221, 1223 (10th Cir. 2014). To establish plain error, Defendant must show "[1] an error [2] that is plain, [3] that affects substantial rights, and [4] that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

A district court may impose a special condition of release that it deems appropriate "to the extent that such condition—

(1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);

(2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and

(3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a) . . . ."

18 U.S.C. § 3583(d). In accordance with this statute, a district court must assess whether a special condition is appropriate for the particular defendant before imposing the condition. *See United States v. Martinez-Torres*, 795 F.3d 1233, 1237 (10th Cir. 2015); §§ 3553(a)(1), (a)(2)(B)–(D) (requiring consideration of "the nature and circumstances of the offense and the history and characteristics of the defendant"

---

defense counsel stated Defendant would be "on paper"—i.e., on supervised release. *Id.* Reading the argument in context, defense counsel's statement refers to the fact that Defendant would "continue to be punished" by his Colorado sentence, not by his federal conditions of release. *See id.* ("[T]hat conduct deserves something but it doesn't deserve another three years on top of what he's got to serve in Colorado."); *id.* (requesting "if anything, an incremental punishment but something that's going to be a downward departure or variance from a 33-month low end, to go on top of what he's going to serve in Colorado"); *id.* ("I would just ask for a six-month incremental sentence on top of his Colorado case . . . ."). Absent a stronger showing that Defendant's downward-variance argument relied on his federal conditions of release, we cannot say Defendant intentionally relinquished—i.e., waived—the argument.

4

and the need for the sentence to deter criminal conduct, protect the public, and provide the defendant with training or treatment). This assessment may consist of "a statement of 'generalized reasons'" but "must be sufficient for this court to conduct a proper review." *Id.* at 1238 (quoting *United States v. Smith*, 606 F.3d 1270, 1283 (10th Cir. 2010)). In light of this precedent, even though the district court noted it was imposing the condition "to verify compliance and for safety of the probation officer," the district court's comment that the court imposes the special search condition "in all cases" is highly questionable. We need not reach the issue of whether this comment was error, however, and assume without deciding the district court erred and the error was plain.

We thus turn to whether the assumed error affected Defendant's substantial rights. "An error affects substantial rights if there is a reasonable probability that the error affected the outcome of the proceedings." *Burns*, 775 F.3d at 1224. Here, we ask: is there a reasonable probability that, but for the court's error, the court would have omitted the special search condition? *See id.* We answer in the negative. Given Defendant's criminal history and history of noncompliance with conditions of release, a reasonable probability does not exist that the district court would have omitted the special search condition.

Defendant's extensive criminal history cannot be overstated. As the court noted during sentencing, Defendant qualified for Criminal History Category VI, the highest for which the U.S. Sentencing Guidelines provide. And he did not just barely cross the Category VI threshold; he had more than *twice* as many points as necessary

5

to qualify for Category VI. This salient fact was a "pertinent factor in the Court's determination in fashioning a sentence." ROA Vol. III at 80. Additionally, Defendant had a history of noncompliance with conditions of release. Recall, Defendant was on probation in his Colorado cases when he committed the instant offenses. Committing these crimes, of course, violated the condition of his probation that he abide by all federal laws. *See* Conditions of Prob., *Colorado v. Michaelis*, 2014 CR 46. Given this background, verifying Defendant's compliance with the conditions of release is of utmost importance.

Despite Defendant's extensive criminal history and history of noncompliance with conditions of release, Defendant argues the special search condition involves greater deprivation than is reasonably necessary. We disagree. Given Defendant's blatant disregard for the law, the places where Defendant might commit a crime or otherwise violate conditions of release, including any "business or place of employment and any property under [Defendant's] control," should be subject to search to further the purposes set forth in § 3553(a)(2)(B), (C). Knowing these places are subject to a search could (and should) deter Defendant from committing any further crimes therein, thereby protecting the public from becoming victims to additional crimes such as fraud and identity theft.

Another fact that indicates the special search condition is not a greater deprivation than necessary is that a lesser deprivation has already proved ineffective. When Defendant manufactured and passed counterfeit notes, he was subject to a similar but narrower condition in one of his Colorado cases, which reads:

6

> I will submit to a search of my residence, vehicle or personal effects, including but not limited to any electronic devices, by probation, when there are reasonable grounds to search. I understand my personal property is subject to seizure if it violates any of the terms and conditions of my probation.

Conditions of Prob., *Colorado v. Michaelis*, 2014 CR 46. This search condition was clearly ineffective in deterring Defendant from violating his conditions of release. Therefore, a condition broader than this one, such as the one imposed in the instant case, is necessary to effectively verify compliance with the other conditions of release. Lastly, the special search condition imposed by the district court is not unlimited. It requires a search to be conducted only "based upon reasonable suspicion of contraband or evidence of a violation of a condition of release" and, then, only "at a reasonable time and in a reasonable manner."

Accordingly, we hold that if the district court had undergone the appropriate analysis, a reasonable probability does not exist that the court would have omitted the special search condition. Any error, therefore, did not affect Defendant's substantial rights. AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

7