## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RUBEN LEOPOLDO DE LUNA,

Defendant - Appellant.

No. 20-1017
(D.C. No. 1:18-CR-00003-RM-1)
(D. Colo.)

### ORDER AND JUDGMENT[*]

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.

Defendant Ruben Leopoldo De Luna violated his supervised release and the district court issued a warrant for his arrest. Law enforcement arrested Defendant on state drug charges in March 2019. While in state custody, Defendant wrote a letter to the district court requesting transfer to federal custody and enrollment in an in-patient substance abuse

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and mental health program. He informed the court he had contacted several providers seeking treatment and was taking his prescribed psychiatric medication.

During his revocation and re-sentencing hearing, the district court sentenced Defendant to eighteen months of imprisonment and three years of supervised release. In sentencing Defendant, the district court imposed several special conditions of his supervised released, including mandatory random blood tests to ensure Defendant remained medication compliant. It did not, however, make a particularized finding justifying this special condition and Defendant lodged no objection. Defendant timely appealed.

Because Defendant did not object to the condition, we review for plain error. United States v. Martinez-Torres, 795 F.3d 1233, 1236 (10th Cir. 2015). Applying this standard, we vacate and remand for resentencing.

To meet our rigorous plain error standard, Defendant must show: "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting United States v. Mike, 632 F.3d 686, 691-92 (10th Cir. 2011)). Both parties agree the district court plainly erred by imposing random blood tests as a special condition without justification. "'[W]hen a court imposes a special condition that invades a fundamental right or liberty interest, the court must justify the condition with compelling circumstances.'" United States v. Malone, 937 F.3d 1325, 1327 (10th Cir. 2019) (quoting United States v. Burns, 775 F.3d 1221, 1223 (10th Cir. 2014)). "[A] compelled physical intrusion beneath [an individual's] skin and into his veins to obtain

2

a sample of his blood" is an "invasion of bodily integrity [that] implicates an individual's 'most personal and deep-rooted expectations of privacy.'" Missouri v. McNeely, 569 U.S. 141, 148 (2013) (quoting Winston v. Lee, 470 U.S. 753, 760 (1985)).

Here, the record does not support the district court's decision to impose the blood testing requirement. The district court imposed the special condition requiring blood testing, but failed to justify it as required by Malone. As the parties agree, the condition affected the fairness and integrity of the proceedings because it could be more severe than what the district court would have imposed had it fulfilled its obligation to justify the special condition. See Burns, 775 F.3d at 1224-25 (citing United States v. Doyle, 711 F.3d 729, 736 (6th Cir. 2013)).

For these reasons, we VACATE the district court's sentence and REMAND for resentencing in a manner consistent with this order and judgment.


Entered for the Court


Joel M. Carson III
Circuit Judge