**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 18, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARQUISE LEDON FONVILLE,

    Defendant - Appellant.

No. 20-7033
(D.C. No. 6:19-CR-00029-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **HOLMES**, and **EID**, Circuit Judges.**
_____

A jury convicted Marquise Ledon Fonville of possessing a firearm as a

convicted felon.  As part of Fonville's sentence, the district court imposed a special

condition of supervised release requiring Fonville to participate in a mental health

treatment program and "comply with all treatment directives, including the taking of

prescription medications as directed by a mental health professional."  App'x Vol. I

at 93.  At sentencing, Fonville did not object to the condition.  On appeal, Fonville

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    ** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

argues that the district court plainly erred by imposing the condition to the extent that it will require him to take medication prescribed in the course of future treatment. Rejecting the government's suggestion that the case is not ripe for review, we agree with Fonville.  Exercising jurisdiction under 28 U.S.C. § 1291, we vacate the portion of the special condition requiring Fonville to take medication as part of complying with treatment directives and remand for further proceedings.

## I.

The following account is based on trial testimony.  In February 2019, a man with a firearm forced his way into an apartment in Eufaula, Oklahoma.  Inside the apartment was a woman, her boyfriend, and their daughters, aged two and four.  The man fired a shot and took the woman's younger daughter at gunpoint.  The boyfriend shot at the man repeatedly as he exited the apartment through a window with the daughter.  Police officers found a man, later identified as Fonville, lying on the ground outside the apartment building with a gun and a screaming child who was identified as the woman's younger daughter.  The officers recovered the infant and Fonville's firearm.

In July 2019, a federal grand jury returned a superseding indictment charging Fonville with one count of possessing a firearm as a convicted felon.  *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2).  At trial, the parties stipulated that the firearm recovered from Fonville had traveled in interstate commerce and that Fonville knew he had a previous felony conviction.  The jury convicted Fonville in September 2019.

According to the Presentence Investigation Report (PSR):

2

> The defendant reported a history of mental health issues, and currently complains of nightmares and "emotional issues". He is not currently prescribed any psychotropic medication. However, he reported that while he was incarcerated in the Federal Bureau of Prisons, he received weekly mental health treatment and was prescribed medication. However, the defendant could not relate any diagnoses, nor could he recall the names of his prescriptions.

App'x Vol. II at 15. The district court overruled Fonville's objections to the PSR and adopted it as the factual basis for sentencing. The court sentenced Fonville to 120 months' imprisonment, the statutory maximum. *See* 18 U.S.C. § 924(a)(2). As a special condition of supervised release, the court ordered that:

> The defendant shall participate in a mental health treatment program approved by the United States Probation Office. *The defendant shall comply with all treatment directives, including the taking of prescription medications as directed by a mental health professional.* The defendant shall remain in mental health treatment until released by the treatment staff and remain in the treatment program until successfully discharged.

App'x Vol. I at 93 (emphasis added). The court gave no specific explanation for imposing the special condition's medication requirement. At sentencing, Fonville did not object to it. Fonville timely appealed.

## II.

Fonville argues that the special condition of supervised release requiring him to take medication is a significant constraint on his liberty that cannot withstand plain error review. He requests that we "strike the requirement that [he] take any prescribed medication from the special condition." Aplt. Br. at 5. The government counters that Fonville's challenge is not ripe for review and also fails on the merits because the PSR adequately supported the medication requirement. We reject the government's

3

arguments and vacate the challenged part of the condition because our cases are directly on point and support Fonville's position.

**a.**

"The ripeness doctrine involves both constitutional requirements and prudential concerns." *United States v. Cabral*, 926 F.3d 687, 693 (10th Cir. 2019) (citing *Tex. Brine Co. v. Occidental Chem. Corp.*, 879 F.3d 1224, 1229 (10th Cir. 2018)). Even when an appeal satisfies Article III's case or controversy requirement, this court may still decline to review it under the prudential ripeness doctrine. *Id.* The purpose of this discretionary doctrine is to "prevent the premature adjudication of abstract claims." *Tex. Brine Co.*, 879 F.3d at 1229.

Application of the prudential ripeness doctrine "turns on two factors: (1) 'the fitness of the issue for judicial review,' and (2) 'the hardship to the parties from withholding review.'" *Cabral*, 926 F.3d at 693 (quoting *United States v. Bennett*, 823 F.3d 1316, 1326 (10th Cir. 2016)). Whether a claim is fit for review depends on "whether determination of the merits turns upon strictly legal issues or requires facts that may not yet be sufficiently developed." *United States v. Ford*, 882 F.3d 1279, 1283 (10th Cir. 2018). Regarding the hardship factor, we "consider whether the parties face 'a direct and immediate dilemma'" if we withhold review. *Bennett*, 823 F.3d at 1327 (quoting *Kan. Judicial Review v. Stout*, 519 F.3d 1107, 1117 (10th Cir. 2008)). "[C]hallenges to conditions of supervised release are usually prudentially ripe for review even before the conditions are actually enforced." *Ford*, 882 F.3d at 1284. However, "[w]hen a

condition of supervised release is, by its own terms, contingent on the decision of a different actor, that condition is not ripe for immediate review." *Id.* at 1286.

The government argues that Fonville's claim is not ripe for review because it is, "by its own terms, contingent on the decision of a different actor." *Id.* The challenged part of the condition, the argument goes, cannot have any effect unless and until a mental health professional decides to prescribe Fonville medication. It is true that the medication condition requires Fonville to "comply with all treatment directives, including the taking of prescription medications as directed by a mental health professional." App'x Vol. I at 93. But Fonville challenges the procedural imposition of the condition's medication requirement in the first instance, not its substance. That means the issue on appeal turns solely upon the facts at sentencing and how the district court used them. *See Cabral*, 926 F.3d at 696. The requirement that Fonville take medication was "either proper or not" as a procedural matter when it was imposed, without regard to how the condition may play out in Fonville's supervised release. *Id.* As a result, the "determination of the merits turns upon strictly legal issues," so the fitness factor supports review. *Tex. Brine Co.*, 879 F.3d at 1229.

Turning to the hardship factor, we have observed that defendants in Fonville's position, if unable to challenge a condition of supervised release on direct appeal, risk both losing appointed counsel and reincarceration. As Fonville points out, his alternatives for seeking legal relief—assuming we do not consider his claim ripe today—are "either to ask the district court to modify the condition or to violate it."

5

Reply Br. at 6.  Both entail hardship.  First, "a request to modify the condition—unlike this direct appeal—will require [Fonville to] proceed pro se or retain an attorney near the end of his incarceration . . . [and Fonville] could be subjected to the challenged condition 'before his request to modify is considered by the district court.'"  *See Ford*, 882 F.3d at 1284 (brackets omitted) (quoting *United States v. Rhodes*, 552 F.3d 624, 629 (7th Cir. 2009)).  Second, "to challenge the condition by violating it would risk re-incarceration."  *Id.*  While the government argues that Fonville suffers no immediate hardship because he will not begin supervised release for a decade, sentence length is but one factor we examine.  *See id.* at 1285.  "[O]veremphasis on this factor 'would counsel against adjudication for most conditions of supervised release where the defendant has a lengthy sentence.'"  *Id.* (quoting *Bennett*, 823 F.3d at 1327).  The hardship factor thus supports review.  Both factors fall in favor of review, so we conclude this appeal is ripe.

**b.**

We review whether the medication requirement of the special condition was properly imposed for plain error because Fonville did not object below.  *See United States v. Martinez-Torres*, 795 F.3d 1233, 1236 (10th Cir. 2015) (citing *United States v. Mike*, 632 F.3d 686, 691 (10th Cir. 2011)).  To prevail on plain error review, Fonville must show "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (quoting *Mike*, 632 F.3d at 691–92).  "Under plain error review, we may vacate special conditions of supervised release only if the record reveals no

6

basis for the conditions." *United States v. Barela*, 797 F.3d 1186, 1192 (10th Cir. 2015).

Our cases "unambiguously require supporting findings when courts impose special conditions of supervised release." *United States v. Burns*, 775 F.3d 1221, 1223 (10th Cir. 2014). That general rule becomes even stricter where such conditions affect core rights. If "a court imposes a special condition that invades a fundamental right or liberty interest, the court must justify the condition with compelling circumstances." *Id.*; *see also United States v. Koch*, 978 F.3d 719, 726 (10th Cir. 2020) (district courts must "engage in an on-the-record analysis of the propriety of all special conditions of supervised release and a particularly meaningful and rigorous analysis when the special condition implicates a fundamental right or interest"). A defendant on supervised release, like any individual, has "a significant interest in avoiding the involuntary administration of psychotropic drugs." *Mike*, 632 F.3d at 699. Our stricter standard is thus activated by the special condition in this case.

Fonville has established all four prongs of plain error with respect to the special condition's medication requirement under controlling circuit precedent. In *United States v. Malone*, we reviewed for plain error a similar challenge to a special condition of supervised release requiring the defendant "to take prescribed medication as directed by mental health staff or a treating physician." 937 F.3d 1325, 1326 (10th Cir. 2019) (internal quotation marks omitted). The district court in *Malone* had adopted a presentence report which surveyed the defendant's past

substance abuse, explained that he suffered from anxiety and depression, reported that he hesitated to take medication because of how it affected him, and noted that a teacher once recommended his mother place him on Ritalin. *Id.* at 1328. We determined those findings were "paltry details" that failed to meet the "heightened requirement of particularized findings and compelling circumstances" to support the challenged condition. *Id.* at 1328–29. We explained that under our precedents, a broad medication "condition, on its face, is an impermissible infringement into a defendant's significant liberty interests without the justifying support of particularized findings." *Id.* at 1328. As the district court was not "precise and discerning" in its approach, we held that imposing the condition was plain error. *Id.* at 1329. We vacated the condition without possibility of resentencing and declined to remand for the district court to make the necessary findings because, given the record, it was "highly questionable whether the district court could have found compelling circumstances." *Id.* at 1328.

In *United States v. Beagle*, 846 F. App'x 714 (10th Cir. 2021) (unpublished), we considered a challenge to several special conditions of supervised release.[1] Under a medication condition, the defendant was required to "remain medication compliant," "take all medications that [we]re prescribed by his treating psychiatrist," and "cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his

---

[1] Unpublished cases are not binding precedent, but we consider them for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

prescribed medications [was] maintained." *Id.* at 723 (brackets omitted). While the district court found the condition "appropriate and reasonable," we agreed with the government's concession that "the court plainly erred in not providing sufficient explanation for" it. *Id.* at 722. Unlike in *Malone*, however, the record revealed a potentially adequate basis for the condition that the district court did not discuss. *See id.* at 724. The defendant "ha[d] mental-health issues that have required treatment, and . . . was taking five prescription medications for those issues, first through a county mental-health agency and then through his primary care physician." *Id.* We vacated the medication condition as imposed and remanded for the district court to consider whether compelling circumstances justified it. *Id.*

Applying our precedent, the court below plainly erred. Instead of making particularized findings and justifying the challenged special condition's medication requirement with compelling circumstances, the district court merely adopted the PSR's findings, which were inadequate to support the requirement. The PSR stated that Fonville (1) was "not currently prescribed any psychotropic medication"; (2) had "a history of mental health issues, and currently complains of nightmares and 'emotional issues'"; (3) previously received "weekly mental health treatment and was prescribed medication" during prior federal incarceration; and (4) "could not relate any diagnoses, nor . . . recall the names of his prescriptions." App'x Vol. II at 15. But those findings relate entirely to Fonville's prior medication use and general mental health concerns. They are not "precise and discerning" enough to support an invasive mandated medication condition that will not even come into play until

9

Fonville's supervised release begins. *See Malone*, 937 F.3d at 1329; *see also Mike*, 632 F.3d at 699 ("[I]ndividuals have a significant interest in avoiding the involuntary administration of psychotropic drugs."). We agree with Fonville that "the mere fact that a doctor once decided a particular medication would be helpful . . . doesn't create a compelling need to force [him] to take any and all medication he is prescribed in the future." Reply Br. at 7 (internal quotation marks omitted). The same is true of the fact that Fonville had received mental health treatment in the past. The government's argument that these factors distinguish this case from *Malone* falls short.

We conclude that the district court did not "justify the condition with compelling circumstances," as is required. *Burns*, 775 F.3d at 1223. That was error. The error was plain, affected Fonville's substantial rights, and seriously affected the fairness and integrity of his sentence. *See Malone*, 937 F.3d at 1328; *see also id.* at 1329 ("When 'stock' special conditions are proposed and the defendant does not object, it is easy to overlook the constitutional implications at stake. But even when the defendant does not object, the district court must ensure that its conditions conform to the Constitution."). We vacate the medication requirement of the special condition and remand for resentencing. *See Beagle*, 846 F. App'x at 724–25. The district court must "consider whether there are compelling circumstances that justify" the requirement and "provide particularized findings explaining its decision." *Id.*

10

## III.

For the foregoing reasons, we REMAND for further proceedings consistent with this order and judgment.

Entered for the Court


Allison H. Eid
Circuit Judge