FILED
United States Court of Appeals
Tenth Circuit

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**July 12, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON JACKSON,

    Defendant - Appellant.

No. 23-2082
(D.C. No. 1:17-CR-03246-MV-1)
(D. N.M.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **ROSSMAN**, Circuit Judges.
_____

Jason Jackson pleaded guilty to sex trafficking of a minor and was sentenced to 132 months' imprisonment. He appeals his conviction and sentence on the ground that the sentencing judge should have recused herself under 28 U.S.C. § 455. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Judge Rossman joins in the disposition only.

Mr. Jackson entered into a plea agreement under Fed. R. Crim. P. 11(c)(1)(C) in which he agreed to a minimum prison sentence of 132 months and a maximum of 180 months, to be served concurrently with any sentence imposed by the State of New Mexico in two specified pending cases. The presentence report determined that his advisory Sentencing Guideline range was 210 months to 262 months. At the sentencing hearing the government requested a two-level downward departure in offense level, which resulted in an advisory Guideline range of 168 months to 210 months. The district court sentenced Mr. Jackson to 132 months in prison, to run concurrently with any sentence he received in state court in the two cases referenced in the plea agreement, and five years of supervised release.

During the sentencing hearing the district judge commented on the sentences imposed on Mr. Jackson's co-defendants:

> [W]hen Mr. Jackson was trafficking along with other co-defendants, some of the women . . . were trafficking themselves also. So I was trying to take that into consideration in the sentencing process. Some of the women grew up much like Mr. Jackson, and we were being more lenient with them. Am I being more lenient with [one of Mr. Jackson's co-defendants] because he's white? Because he is affluent? Because he is better educated? I'm trying to—it's hard for me to keep everybody's background and everybody's actions and be fair with everyone.

R. vol. 6 at 89. The judge concluded, however, that Mr. Jackson warranted a longer sentence because his conduct was more violent and more dangerous than the other defendants. The judge also expressed concern about Mr. Jackson's manipulative and intimidating behavior in jail, which resembled his behavior in the underlying crimes.

2

The district court then predicted that if Mr. Jackson did not change his behavior, he would continue to get in trouble after his release from prison:

> I'm concerned . . . that you're not going to be a free man very long when you get out of custody, because that thought process, that habit is going to continue to get you in trouble and you are not going to be a good example for your family, and that stereotype that we have of young Black men, you're going to continue to live it if your thought process hasn't changed.
>
> You're kind of at a point in your life where it's easy for you to continue to play out this tough Black guy, or you can go the other path because you've got a brain that's good. You can continue with your math classes, and you can make something of yourself. You can use other parts of stuff that you've left untouched all this time, or you can go back to the lifestyle that got you into trouble.

*Id.* at 91.

Despite his appellate waiver in the plea agreement, Mr. Jackson filed a timely notice of appeal and argues that the judge's comments at the sentencing hearing were disqualifying under 28 U.S.C. § 455. In relevant part, § 455 requires a judge to recuse herself "in any proceeding in which his impartiality might reasonably be questioned," § 455(a), or where the judge "has a personal bias or prejudice concerning a party," § 455(b)(1). We need not address whether the appeal waiver applies because, as discussed below, Mr. Jackson's appellate argument fails on the merits.

Mr. Jackson acknowledges he did not preserve the § 455 issue and that we therefore review the issue only for plain error. *See United States v. Nickl*, 427 F.3d 1286, 1297–98 (10th Cir. 2005). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the

3

fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1298 (internal quotation marks omitted). "Because all four requirements must be met, the failure of any one will foreclose relief and the others need not be addressed." *United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012).

In this case we must deny relief because Mr. Jackson has not established the third factor—an effect on his substantial rights. "An error affects substantial rights if there is a reasonable probability that the error affected the outcome of the proceedings." *United States v. Burns*, 775 F.3d 1221, 1224 (10th Cir. 2014). The district judge imposed a sentence of 132 months, to run concurrently with any sentence imposed in New Mexico state court, and five years of supervised release. This sentence was the lowest he could have received under the terms of the plea agreement and 36 months below the bottom of the advisory Guideline range. The sentence imposed is precisely the sentence described in the sealed sentencing memorandum filed by Mr. Jackson's counsel as "'sufficient but not greater than necessary' to achieve the statutory purposes of punishment." R. vol. 4 at 4 (quoting 18 U.S.C. § 3553(a) and requesting a sentence of 132 months concurrent with any state sentence and five years of supervised release). In short, because Mr. Jackson received precisely the sentence his counsel advocated, there is no reasonable probability that any error adversely affected the outcome. Mr. Jackson suggests that the sentencing judge could have sua sponte rejected the plea agreement, and that had the judge done so, Mr. Jackson presumably could have received a lesser sentence

4

because the minimum statutory sentence was 120 months.  But this argument is gross speculation.

We affirm the judgment below.

Entered for the Court

Harris L Hartz
Circuit Judge