FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**August 14, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RENEE ROSAS,

    Defendant - Appellant.

No. 23-2085
(D.C. No. 1:20-CR-01567-MV-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

The district court imposed a special condition of supervised release on

Defendant Renee Rosas that prohibits him from accessing and possessing sexually

explicit materials.  On appeal, he argues that the district court plainly erred by

imposing the special condition without first making particularized findings on the

record.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

I.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

For several years, Defendant sexually abused his seven-year-old niece, seven-year-old son, and ten-year-old stepson. He showed them adult pornographic material and made them play a pornographic video game. He also would take photos of his niece performing oral sex on him. Law enforcement searched Defendant's devices and discovered images of his niece engaged in sexual acts with an adult male. Defendant pleaded guilty to one count of producing of a visual depiction of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. §§ 2251(a), (e), and 2256. The district court sentenced him to 300 months' imprisonment, fifteen years' supervised release, and imposed the following special condition of supervised release:

> You are prohibited from viewing or possessing any material that depicts sexually explicit conduct as defined in 18 U.S.C. 2256, including images, books, writing, drawings, video games, or videos depicting actual sexual intercourse. This also includes computer or computer-generated images or pictures, whether made or produced by electronic, mechanical, or other means. Should the sex offense-specific assessment determine this factor is not a risk, then this condition shall not be enforced.

The district court imposed this special condition "due to the nature and circumstance of the instant offense and to deter [Defendant] from reoffending and to protect the public." Although Defendant did not object, he now argues the district court erred by failing to make particularized findings to justify the condition.

Before we reach the merits, we first address the government's request that we dismiss the appeal on prudential ripeness grounds. Although an appeal may satisfy Article III's case or controversy requirement, U.S. CONST. ART. III, § 2, we may decline review under the prudential ripeness doctrine to prevent "the premature

adjudication of abstract claims." United States v. Cabral, 926 F.3d 687, 693 (10th Cir. 2019) (quoting Tex. Brine Co. v. Occidental Chem. Corp., 879 F.3d 1224, 1229 (10th Cir. 2018)). Whether a claim is prudentially ripe "turns on two factors: (1) 'the fitness of the issue for judicial review,' and (2) 'the hardship to the parties from withholding review.'" Id. (first quoting United States v. Bennett, 823 F.3d 1316, 1326 (10th Cir. 2016); and then citing Abbot Laboratories v. Gardner, 387 U.S. 136, 148–49 (1967)). To determine fitness, we consider whether "the merits turn[] upon strictly legal issues or require[] facts that may not yet be sufficiently developed." United States v. Ford, 882 F.3d 1279, 1283 (10th Cir. 2018) (quoting Bennett, 823 F.3d at 1326). A claim is not fit for review "if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Texas v. United States, 523 U.S. 296, 300 (1998) (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580–81 (1985)). To determine hardship, we look to whether the parties "face[] a direct and immediate dilemma" if we withhold review. Cabral, 926 F.3d at 693 (quoting Bennett, 823 F.3d at 1328). We also consider judicial efficiency as it relates to the prudential ripeness analysis. United States v. White, 244 F.3d 1199, 1204 (10th Cir. 2001).

The government argues that Defendant's appeal is not fit for review because it involves a "contingent" supervised release condition. In the government's view, the condition is not self-executing, and Defendant may challenge it upon his release from prison. But this argument misses the mark. While it's true that a contingent

3

supervised release condition may not be ripe for review, Ford, 882 F.3d at 1286, the specific condition at issue in this case is not contingent.

Unlike the authorities the government cites, Defendant's special condition occurs immediately on release. Although Defendant might find relief from this condition after he participates in a sex offense-specific assessment, the assessment would not trigger the initial applicability of the condition. Compare Defendant's condition to the condition imposed in Cabral, 926 F.3d at 691: "[i]f the probation officer determines that you pose a risk to another person . . . the probation officer may require you to notify that person about the risk . . . ." We held the defendant's challenge to that condition lacked prudential ripeness because the condition did not require compliance until the probation officer determined the defendant posed a risk. Id. at 693–94. The district court in this case imposed a special condition that *will* immediately take place when Defendant enters supervised release, and Defendant must comply with the condition before seeking relief from his probation officer or the district court. So, unlike Cabral, the relief here is contingent, but the special condition is not. The claim, therefore, presents a purely legal question—not dependent on undeveloped facts—that is prudentially ripe for review.

The hardship factor also supports review because he would face a "direct and immediate dilemma." See, e.g., id. at 695. If we decline to address this appeal's merits, Defendant must request modification without the benefit of appointed counsel or risk reincarceration should he violate the condition, placing a heavier burden on Defendant. Id. at 696–697 (citing Ford, 882 F.3d at 1284). Judicial efficiency also

4

weighs in favor of Defendant because this claim presents a purely legal question that we can easily resolve with the record before us, with existing counsel, and without the need for additional proceedings. Id. at 697 (citing White, 244 F.3d at 1204). For these reasons, we reject the government's prudential ripeness arguments and reach the merits.

## II.

Defendant challenges the special condition because the district court imposed it without providing particularized findings of a compelling justification. Defendant's burden is heavy because he failed to object at sentencing. His failure requires us to review only for plain error. United States v. Koch, 978 F.3d 719, 724 (10th Cir. 2020) (citing United States v. Malone, 937 F.3d 1325, 1327 (10th Cir. 2019)). To prevail, Defendant must show "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting Malone, 937 F.3d at 1327).

Before it imposes a special condition, the district court must generally explain how the special condition (1) reasonably relates to the offense, the defendant's history and characteristics, criminal deterrence, public protection, or the defendant's educational, medical or other correctional needs; (2) "involve[s] no greater deprivation of liberty than is reasonably necessary"; and (3) remains consistent with Sentencing Commission pertinent policy statements. United States v. Martinez-Torres, 795 F.3d 1233, 1236 (10th Cir. 2015) (citing 18 U.S.C. § 3583(d); id. § 3553(a); United States v. Bear, 769 F.3d 1221, 1226 (10th Cir. 2014)). When a

5

special condition invades a fundamental right, the district "court must justify the condition with compelling circumstances," United States v. Burns, 775 F.3d 1221, 1223 (10th Cir. 2014) (citing United States v. Smith, 606 F.3d 1270, 1284 (10th Cir. 2010)), and engage in a "meaningful and rigorous analysis" on the record, Koch, 978 F.3d at 726. Here, the district court imposed a special condition invading Defendant's First Amendment right "to possess sexually explicit materials involving adults." Koch, 978 F.3d at 724 (citing United States v. Williams, 553 U.S. 285, 288 (2008); Martinez-Torres, 794 F.3d at 1238).

We assume without deciding that the district court committed an error that was plain. But Defendant cannot prevail unless he shows the plain error affected his substantial rights. He fails to do so. "An error affects substantial rights if there is a reasonable probability that the error affected the outcome of the proceedings." Burns, 775 F.3d at 1224 (citing United States v. Marcus, 560 U.S. 258, 262 (2010)). In other words, an error only "affects a defendant's substantial rights if there is a reasonable probability the district court would not have imposed the special condition if it had undertaken the required analysis." Koch, 978 F.3d at 729 (citing Burns, 775 F.3d at 1224; United States v. Francis, 891 F.3d 888, 898 (10th Cir. 2018)). If the record reveals a basis for the special condition, no reasonable probability exists that the district court would have reached a different outcome. Id. (quoting Francis, 891 F.3d at 898).

The record demonstrates a clear basis to impose the special condition. Defendant produced child pornography and, in furtherance of that activity, used adult

6

pornography: he encouraged his victims to watch and re-enact the adult pornographic content. Thus, the nature of his offense justifies the special condition. See Martinez-Torres, 795 F.3d at 1241 (discussing how courts have upheld special conditions restricting access to pornography when a defendant was convicted of possessing child pornography); United States v. Mike, 632 F.3d 686, 700 n.9 (10th Cir. 2011) (citing United States v. Brigham, 569 F.3d 220, 232–34 (5th Cir. 2009); United States v. Rearden, 349 F.3d 608, 619–20 (9th Cir. 2003)) ("In cases where the offense of conviction involved child pornography, a number of courts have held that a ban on adult pornography is not problematic."). The record also reveals that Defendant's consumption of adult pornography around the age of nine normalized sexual behavior at a young age, providing additional justification for the special condition. See United States v. Barela, 797 F.3d 1186, 1194 (10th Cir. 2015) (holding that no plain error occurred when the defendant had a child pornography conviction and a history of viewing pornography).

Despite these facts, Defendant asserts that the record is thin, containing only "paltry details" insufficient to justify the special condition. We disagree. The record details that Defendant used adult pornography to sexually abuse children on multiple occasions. Given the nature of the offense and Defendant's history of adult pornography, no reasonable probability exists to suggest that the district court would not have imposed this special condition if it went through the required analysis on the

record.[1]  Thus, any error did not affect Defendant's substantial rights and so the

district court did not plainly err in the imposition of the special condition for

supervised release.

     AFFIRMED.


                              Entered for the Court


                              Joel M. Carson III
                              Circuit Judge

---

[1] Defendant contends that his case is no different from other cases where we vacated a special condition related to adult pornography—Martinez-Torres, 795 F.3d at 1243, Koch, 978 F.3d at 730, and United States v. Englehart, 22 F.4th 1197, 1210 (10th Cir. 2022).  But each case is distinguishable.  First, we held in Martinez-Torres that nothing in the record suggested the defendant ever viewed pornography of any kind and that the special condition had no relation to the offense.  795 F.3d at 1241.  The opposite is true here: Defendant produced child pornography, used adult pornography to sexually abuse children, and had a history of viewing adult pornography.  In Koch, the condition barred "sexually stimulating" materials, a far broader condition than material that depicts "sexually explicit conduct" defined by federal law.  978 F.3d at 730.  We held that this error affected the defendant's substantial rights because the district court would not have implemented the broad "sexually stimulating" language had it engaged in the mandated analysis.  Id. Defendant's special condition does not include the broader "sexually stimulating" language but prohibits material depicting "sexually explicit conduct," defined by federal law to ensure that the condition involves no greater deprivation of liberty than is reasonably necessary.  Id. at 729 (holding that the procedural error would likely not affect the defendant's substantial rights if the special condition were limited to pornography).  Finally, we vacated the conditions in Englehart under abuse of discretion review, not plain error, so we did not consider the effect on the defendant's substantial rights.  22 F.4th at 1207.